IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARGUERITE A. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-157-KAJ |
| | ) | |
| ORLANDO J. GEORGE, JR., in both his official and personal capacities, and DELAWARE TECHNICAL AND COMMUNITY COLLEGE, | ) ) ) ) | Trial By Jury Demanded |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO COMPLAINT**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted that Plaintiff Marguerite A. Johnson ("Johnson") alleges this Court has jurisdiction pursuant to the statutory and constitutional authority cited in paragraph 4 of the Complaint.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Denied; except admitted the September, 1996 evaluation speaks for itself.

13. Denied; except admitted the September, 1997 evaluation speaks for itself, and that Johnson quotes a portion of the 1997 evaluation.

14. Denied; except admitted the 1998 evaluation speaks for itself.

15. Denied; except admitted the 1999, 2000 and 2001 evaluations speak for themselves, and that Johnson quotes a portion of one of the evaluations.

16. Denied; except admitted the September, 2002 evaluation speaks for itself, and that Johnson quotes a portion of the 2002 evaluation.

17. Denied; except admitted the September, 2003 evaluation speaks for itself, and that Johnson quotes a portion of the 2003 evaluation.

18. Denied; except admitted the September, 2004 evaluation speaks for itself, and that Johnson quotes a portion of the 2004 evaluation.

19. Denied; except admitted that since her appointment as Vice President and Director of the Terry Campus of the Delaware Technical and Community College ("the College), Johnson has received the same salary increases received by other employees, and has received bonuses.

20. Denied; except admitted the College promulgated an "Administrator's Personnel Handbook", and that the Administrator's Personnel Handbook speaks for itself.

21. Admitted.

22. Denied; except admitted that Section XI of the Administrator's Personnel Handbook speaks for itself.

23. Denied; except admitted that Sections XII and XIII of the Administrator's Personnel Handbook speak for themselves.

24. Denied; except admitted that on two occasions Dr. Orlando J. George, Jr. ("George") spoke to Johnson about anonymous comments he received concerning Johnson.

25. Admitted.

26. Denied; except admitted that during the course of the November 19, 2004 meeting at the Terry Campus Peter Shoudy, CTO for the College explained, and answered questions about, the IT reorganization previously unanimously approved by the President's Council; that Johnson asked a series of questions in an antagonistic tone raising doubts about Johnson's support of Shoudy and the IT reorganization, and exhibiting a lack of understanding of the IT reorganization.

27. Denied; except admitted the December 8, 2004 letter to Dr. Johnson speaks for itself.

28. Admitted.

29. Denied; except admitted that Johnson met with George on December 9, 2004, and that she was offered the option of either voluntarily retiring or being placed on paid administrative leave in order to afford the College the opportunity to conduct an independent investigation.

30. The Defendants are without sufficient information to affirm or deny the allegations of paragraph 30.

31. Denied; except admitted that Johnson's January 3, 2005 letter to George speaks for itself.

32. Denied; except admitted that Johnson's January 3, 2005 letter to George speaks for itself.

33. Denied; except admitted George placed Johnson on paid administrative leave effective January 3, 2005, and was afforded the opportunity to remove personal belongings from her office.

34. Denied; except admitted the notice of placement on paid administrative leave provided to Johnson speaks for itself.

35. Denied; except admitted the notice of placement on paid administrative leave provided to Johnson speaks for itself.

36. Denied; except admitted that on January 4, 2005, the announcement attached to this Answer as Exhibit A was provided to employees of the College, and that the announcement speaks for itself.

37. Admitted.,

38. Defendants are without information sufficient to affirm or deny the allegations in paragraph 38 of the Complaint.

39. Denied; except admitted that Johnson was placed on paid administrative leave pending the completion of an investigation. The College has not taken any disciplinary action against Johnson.

40. Denied that Defendants engaged in any wrongful action. The Defendants are without sufficient information to affirm or deny the allegations of paragraph 40 concerning Dr. Johnson's allegations of suffering pain and mental anguish.

41. Denied that Defendants engaged in wrongful conduct. The Defendants are without sufficient information to affirm or deny the allegation Johnson has expended great sums of money for medical treatment.

42. Denied.

## COUNT I

43. The responses to paragraphs 1 through 42 are incorporated by reference.

44. Denied.

45. Denied.

46. Denied.

## COUNT II

47. The responses to paragraphs 1 through 46 are incorporated by reference.

48. Denied Johnson has been disciplined. Admitted Johnson has a protected property interest in the disciplinary process if she is disciplined prior to the imposition of discipline.

49. Denied Johnson has been disciplined.

50. Denied.

## COUNT III

51. The responses to paragraphs 1 through 50 are incorporated by reference.

52. Denied Johnson was disciplined. Admitted Johnson has due process rights prior to the imposition of discipline.

53. Denied.

54. Denied.

55. Denied that the Defendants have violated any of Johnson's rights.

56. Denied.

57. Denied.

58. Denied.

**FIRST ADDITIONAL DEFENSE**

59. The Defendants move to dismiss the Complaint on the grounds that Johnson fails to state a claim upon which relief can be granted.

**SECOND ADDITIONAL DEFENSE**

60. Defendant George moves to dismiss the claims against him in his personal capacity on the grounds that the Complaint fails to state a claim upon which relief can be granted against him in his personal capacity.

**THIRD ADDITIONAL DEFENSE**

61. The claims against Defendant George in his personal capacity are barred by the doctrine of official immunity.

**FOURTH ADDITIONAL DEFENSE**

62. Johnson is not entitled to injunctive relief because she has an adequate remedy of law.

**FIFTH ADDITIONAL DEFENSE**

63. The claims asserted in the Complaint are premature, and are therefore not ripe for adjudication in that no discipline has been imposed upon Johnson.

**SIXTH ADDITIONAL DEFENSE**

64. The Complaint should be dismissed because Johnson is seeking to interfere with the College's right and responsibility to conduct an investigation for the purpose of determining whether there is a basis for disciplining Johnson.

**SEVENTH ADDITIONAL DEFENSE**

65. The claims against the College and George in his official capacity are barred by the Eleventh Amendment and the doctrine of sovereign immunity.

## EIGHTH ADDITIONAL DEFENSE

66. The Court lacks subject matter jurisdiction over Johnson's claims in whole or in part.

WHEREFORE, the Defendants request that the Complaint be dismissed with all costs and fees assessed against Johnson.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

_David H. Williams_
David H. Williams (#616)
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE  19899
(302) 888-6900
dwilliams@morrisjames.com
Attorneys for Defendants

Dated:  April 4, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARGUERITE A. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-157-KAJ |
| | ) | |
| ORLANDO J. GEORGE, JR., in both his official and personal capacities, and DELAWARE TECHNICAL AND COMMUNITY COLLEGE, | ) ) ) ) ) | Trial By Jury Demanded |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2005, I electronically filed **DEFENDANTS' ANSWER TO COMPLAINT** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Gary W. Aber, Esquire
> Aber, Goldlust, Baker & Over
> 702 King Street, Suite 600
> P.O. Box 1675
> Wilmington, DE 19899-1675

_David H. Williams_
David H. Williams (#616)
MORRIS, JAMES, HITCHENS & WILLIAMS, LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900
dwilliams@morrisjames.com
Attorneys for Defendants

Dated: April 4, 2005