LAW OFFICES

# ABER, GOLDLUST, BAKER & OVER

(AN ASSOCIATION OF LAW PRACTICES)
702 KING STREET, SUITE 600
P.O. BOX 1675
WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDLUST, P.A.*
DARRELL J. BAKER, P.A.
SUSAN C. OVER, P.C.
JOANNE A. SHALLCROSS**
SHAUNA T. HAGAN

September 8, 2005

(302) 472-4900
TELECOPIER (302) 472-4920

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE  19899

RE:    Johnson v. Delaware Technical & Community College, et.al.
C.A. No.:  05-157 (KAJ)

Dear Judge Jordan:

This letter constitutes the Status Report on behalf of the parties in the above-captioned matter.

As Your Honor may recall, this suit originated as a result of the plaintiff's placement on administrative leave, as head of the Terry Campus of Delaware Technical & Community College, by the individual defendant, as a result of certain comments made by the plaintiff during an administrative meeting concerning new IT procedures at Delaware Technical & Community College. The parties have conducted initial written discovery, by way of interrogatories and requests for productions.

Unfortunately, this matter has become significantly more complicated than originally intended by the plaintiff.  These complications have arisen as a result of actions taken by the defendants, following the original scheduling order entered by the Court, at a scheduling conference on May 16, 2005.  Specifically, following that scheduling order the defendants followed a course of action, which resulted in the termination of the plaintiff's employment, at a termination hearing, which occurred on June 29, 2005 and July 1, 2005.

As a result of those actions, the plaintiff has filed, pursuant to Rule 15(d), F.R.C.P., a proposed Supplemental Complaint.  This complaint alleges that the manner in which defendants conducted an investigation, as well as the hearing process, violated plaintiff's contractually guaranteed rights, all in retaliation for her exercising her First Amendment Rights.  The defendant has no opposition to the complaint.

The Honorable Kent A. Jordan
September 8, 2005
Page Two

Because of these significant new events, which have expanded the potential matters of disagreement between the parties, I believe that the remaining period of discovery in this matter may be inadequate. Therefore, plaintiff would request a resetting of the scheduling order in order to have additional time for discovery concerning these significant and "supplemental" events.

I have discussed this matter with the defendant's attorney, and he is not opposed to modifying the scheduling order to provide for an additional 60 days within which to complete discovery, with whatever adjustments to other dates the Court deems appropriate.

Thank you for Your Honor's consideration.

Respectfully,

Gary W. Aber

GWA/mac
David H. Williams, Esquire
Clerk of The Court