


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARGUERITE A. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-157-KAJ |
| | ) | |
| ORLANDO J. GEORGE, JR., in both his | ) | Trial By Jury Demanded |
| official and personal capacities, and | ) | |
| DELAWARE TECHNICAL AND | ) | |
| COMMUNITY COLLEGE, | ) | |
| | ) | |
| Defendants. | ) | |

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by and among the undersigned parties, through their counsel of record, as follows:

1. This Confidentiality Stipulation and Protective Order ("Stipulation and Order") shall govern all documents and discovery materials produced in this litigation.

2. "Document" or "documents" shall have the same meaning, as "writings" or "recordings" as defined in Rule 1001 of the Federal Rules of Evidence and shall also include information stored on computer discs or stored in any other data compilation process from which information can be transcribed.

3. "Counsel of record" shall mean the attorneys of record and such legal associates, legal assistants, paralegals, and clerical or other support staff who are employed by such counsel and actually involved in assisting in the litigation.

4. "Person" shall mean the plural as well as the singular, any individual, corporation, firm, association, partnership, business trust, governmental body or any other legal or business entity, unless specified herein to the contrary.

5. "Party" shall mean, in the plural as well as the singular, the plaintiff, Marguerite A. Johnson ("Johnson") and/or the defendants in this action, Orlando J. George, Jr. ("George") and Delaware Technical and Community College ("the College"), and shall include the College's trustees, officers, employees or agents, past or present.

6. All documents and information provided or produced by the parties in this litigation that fall within the following categories shall be designated "Confidential Material": (1) information in which the party or a third party has a protected privacy interest, including but not limited to information contained in employee personnel or client files; (2) information that is proprietary and confidential business or financial information or trade secrets information; or (3) other confidential research, development or commercial information within the meaning of Rule 26(c) (7). Either party shall have the right to designate documents as "Confidential Material," including those produced by the other party. Prior to designating an entire document as Confidential Material, the producing party shall consider whether the producing party's concerns regarding the confidentiality of a particular document might be adequately addressed by redacting only those portions of the document that give rise to the confidentiality concerns.

7. Any party who objects to the classification of material as confidential, as provided in Paragraph 6, shall notify the opposing party in writing of that objection within ten (10) days of the date that the designation is made and specify the material to which the objection is made. The parties shall, within 10 days of service of the written objection, meet and confer concerning the objection. The parties shall consider during any such meet and confer whether

the producing party's concerns regarding the confidentiality of a particular document might be adequately addressed by redacting only those portions of the document that give rise to the confidentiality concerns. If the receiving party's objection is not resolved at the meeting, the parties shall, within 10 days of the expiration of the meet and confer period, jointly approach the Court to advise it of the dispute and thereafter will follow the Court's instructions regarding the procedures by which the dispute shall be resolved. The material in dispute shall remain confidential unless and until the Court rules otherwise. If the parties do not approach the Court within the stated time period, the material will be considered confidential and will continue to be subject to the protection of this Stipulation and Order.

8. "Confidential Material" shall refer to: all documents (including any portions thereof and any information contained therein) produced in this litigation which have had stamped or affixed thereon the words "CONFIDENTIAL." If a document cannot be labeled in accordance with this paragraph without obliterating all or a portion of its content, or if a party otherwise chooses not to stamp or affix "CONFIDENTIAL," the document may be designated as confidential when produced if a letter is sent within a reasonable time period with or after the production of the document(s) stating that the information produced is confidential and subject to this Stipulation and Order. Deposition testimony believed by a party to disclose Confidential Material may be designated as "Confidential Material" during the deposition or within 30 days after receipt of the deposition transcript, in which case the transcript of the designated testimony shall be marked "CONFIDENTIAL" by both parties and shall be subject to the provisions of Paragraph 7 above. Similar practicable arrangements may be made to separate and protect Confidential Material in videotaped depositions. All other portions of the deposition, or the entire transcript or videotape if no designation is made, shall not be confidential and shall not fall

within the terms of this Stipulation and Order. Confidential Material does not include any information or documents obtained or produced by a party outside the context of the discovery in this litigation except those produced in other litigation with the same plaintiff and the same defendant, or if that information was previously designated as confidential information by either party. Nothing in this Stipulation and Order shall affect the rights of any party to enforce any rights it may have regarding the confidentiality of documents and other information disclosed or transferred to another party or person prior to the institution of the present litigation.

9. Confidential Material shall be kept confidential and used only for purposes of this litigation and shall be disclosed only to:

(i) The Court and its officers pursuant to Paragraph 15 hereof;

(ii) Johnson provided she signs copies of this Stipulation and Order and agrees not to disclose Confidential Material to any other person;

(iii) Representatives of the College, provided they sign copies of this Stipulation and Order and agree not to disclose Confidential Material to any other person;

(iv) George provided he signs copies of this Stipulation and Order and agrees not to disclose Confidential Materials to any other person;

(v) Experts and/or consultants retained by counsel of record on behalf of the parties provided they sign a copy of this Stipulation and Order;

(vi) Witnesses or potential witnesses to the extent allowed by Paragraph 10 below;

(vii) Counsel of record and the respective personnel of the law firms as set forth in Paragraph 3;

(viii) Persons who have had previous access to the designated material or the information contained therein; and

(ix) Other individuals at the party's discretion as to that party's own confidential materials.

10. Confidential Material produced by the College shall not be disclosed to witnesses who are applicants, employees or former employees if such employees do not agree, in writing, that Confidential Material shall be used only for purpose of this case and that they are bound by this Stipulation and Order.

11. Confidential Material shall be treated as confidential by all persons whom such information may be disclosed and shall be used by all such persons solely for the prosecution or defense of the claims in this action.

12. If counsel for a party should conclude that for the purpose of this action either side needs to disclose any Confidential Material or information derived from Confidential Material to any person not described in Paragraph 9 of this Stipulation and Order, counsel must request permission from opposing counsel in writing. If opposing counsel objects to the proposed disclosure, no such disclosure shall be made unless the Court orders otherwise. However, each party may disclose its own Confidential Material without regard to this Stipulation and Order unless otherwise under an existing duty to another party not to do so.

13. Any person to whom the Confidential Material may be shown pursuant to Paragraph 9(ii, iii, iv, v and viii) hereof shall first be shown or read a copy of this Stipulation and Order and shall agree in writing to be bound by its terms by signing a copy of this Stipulation and Order. The law firm obtaining the person's signature on the Stipulation and Order will retain the original signed agreement. A deponent may be examined regarding Confidential

Material unless a party objects to the examination because the deponent will not agree in writing or on the record to be bound by the terms of the Stipulation and Order. In the event of such an objection, the objecting party shall within ten days of the completion of the deposition file a notice or other application to the Court to resolve the dispute and shall bear the burden on the issue. The parties agree, however, to make every reasonable effort to attempt to have the deponent agree to sign and be bound by the terms of this Agreement. Neither party, however, has the right to obtain the name and/or list of individuals who the other party has shown and had sign a copy of the Stipulation and Order.

14. Upon final termination of this action, unless otherwise agreed to in writing by counsel of record for the producing party, upon request, each party shall promptly assemble and return all Confidential Material, including all copies thereof, to the producing party. The producing party to whom Confidential Material is returned shall acknowledge receipt of such material in writing.

15. Where any Confidential Material or information derived from Confidential Material is included in any papers filed with the Court, such papers shall be marked "CONFIDENTIAL," individually or collectively, and placed in a sealed envelope marked with the caption of the case, a general description of the contents of the envelope and a statement substantially in the following form: "This envelope contains documents subject to a Stipulation and Order entered in this action. It is not to be opened nor are the contents thereof to be displayed, revealed or made public except by order of this Court." In the event that the Court declines to enter this Stipulation as an Order of the Court, the parties agree that they will jointly request leave of the Court to file papers under seal when filing a paper that contains Confidential Material, and agree that the Court's disposition of that request will control the filing. Upon

appeal of this case, all "Confidential Material" filed with the District Court shall be a part of the record just as any other documents and neither party shall object to its inclusion in the record on the basis of confidentiality.

16. This Stipulation and Order does not constitute a waiver of any party's rights to object to discovery on any grounds, including the grounds that the information sought contains trade secrets, confidential business information and/or information in which third parties have privacy rights. This Stipulation and Order does not constitute an admission by any party that any Confidential Material is in fact a trade secret, confidential business or financial information and/or information in which a third party has a privacy right.

17. This Stipulation and Order is not intended to govern the use of Confidential Material at any trial of this action. Questions of the protection of Confidential Material during trial will be resolved by the parties, or the Court if the parties cannot agree, prior to or during trial.

18. If a third-party, a court, or administrative or government agency subpoenas or orders production of Confidential Material that a party has obtained under the terms of this Stipulation and Order, such party shall promptly notify in writing the producing party of the pendency of the subpoena or order and shall not produce the Confidential Material until the producing party has had reasonable time to object or otherwise take appropriate steps to protect the Confidential Material. Moreover, the parties will not object to the producing party's attempt to protect the Confidential Material.

19. This Stipulation and Order shall not prevent a party from moving the Court for an order that Confidential Material may be disclosed other than in accordance with this Stipulation and Order. This Stipulation and Order is without prejudice to the right of any party

to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended, or rescinded by the Court or by both parties in writing. The Court shall have continuing jurisdiction to modify, amend, rescind, and enforce this Stipulation and Order notwithstanding the termination of this action.

20. In the event this Stipulation and Order fails to be approved by the Court, the parties and any other persons who are shown Confidential Material pursuant to paragraph 10 above agree to be bound by the provisions of this Stipulation and Order.

21. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that the same information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

ABER, GOLDLUST, BAKER & OVER

/s/ Gary W. Aber
Gary W. Aber, Esquire (#754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899-1675
(302) 472-4900
gaber@gablawde.com
Attorneys for Plaintiff

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

/s/ David H. Williams
David H. Williams (#616)
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900
dwilliams@morrisjames.com
Attorneys for Defendants

Dated: September 19, 2005

IT IS SO ORDERED this 27th day of Sept, 2005.

_____
J.

DHW/007409-0131/1272177/1