# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

MARGUERITE A. JOHNSON,                    )
                                          )
        Plaintiff,                    )
                                          )
        v.                            )    C.A. No. 05-157-KAJ
                                          )
ORLANDO J. GEORGE, JR., in both his       )    Trial By Jury Demanded
official and personal capacities, and     )
DELAWARE TECHNICAL AND                    )
COMMUNITY COLLEGE,                        )
                                          )
        Defendants.                   )

## DEFENDANTS' ANSWER TO
## PLAINTIFF'S SUPPLEMENTAL COMPLAINT

1.     Admitted.

2.     Admitted.

3.     Admitted.

4.     Admitted that Plaintiff Marguerite A. Johnson ("Johnson") alleges this

Court has jurisdiction pursuant to the statutory and constitutional authority cited in paragraph 4

of the Complaint.

5.     Admitted.

6.     Admitted.

7.     Admitted.

8.     Admitted.

9.     Admitted.

10.     Admitted.

11.     Admitted.

12.    Denied; except admitted the September, 1996 evaluation speaks for itself.

13.    Denied; except admitted the September, 1997 evaluation speaks for itself, and that Johnson quotes a portion of the 1997 evaluation.

14.    Denied; except admitted the 1998 evaluation speaks for itself.

15.    Denied; except admitted the 1999, 2000 and 2001 evaluations speak for themselves, and that Johnson quotes a portion of one of the evaluations.

16.    Denied; except admitted the September, 2002 evaluation speaks for itself, and that Johnson quotes a portion of the 2002 evaluation.

17.    Denied; except admitted the September, 2003 evaluation speaks for itself, and that Johnson quotes a portion of the 2003 evaluation.

18.    Denied; except admitted the September, 2004 evaluation speaks for itself, and that Johnson quotes a portion of the 2004 evaluation.

19.    Denied; except admitted that since her appointment as Vice President and Director of the Terry Campus of the Delaware Technical and Community College ("the College), Johnson has received the same salary increases received by other employees, and has received bonuses.

20.    Denied; except admitted the College promulgated an "Administrator's Personnel Handbook", and that the Administrator's Personnel Handbook speaks for itself.

21.    Admitted.

22.    Denied; except admitted that Section XI of the Administrator's Personnel Handbook speaks for itself.

23.    Denied; except admitted that Sections XII and XIII of the Administrator's Personnel Handbook speak for themselves.

24.     Denied; except admitted that on two occasions Dr. Orlando J. George, Jr. ("George") spoke to Johnson about anonymous comments he received concerning Johnson.

25.     Admitted.

26.     Denied; except admitted that during the course of the November 19, 2004 meeting at the Terry Campus Peter Shoudy, CTO for the College explained, and answered questions about, the IT reorganization previously unanimously approved by the President's Council; that Johnson asked a series of questions in an antagonistic tone raising doubts about Johnson's support of Shoudy and the IT reorganization, and exhibiting a lack of understanding of the IT reorganization.

27.     Denied; except admitted the December 8, 2004 letter to Dr. Johnson speaks for itself.

28.     Admitted.

29.     Denied; except admitted that Johnson met with George on December 9, 2004, and that she was offered the option of either voluntarily retiring or being placed on paid administrative leave in order to afford the College the opportunity to conduct an independent investigation.

30.     The Defendants are without sufficient information to affirm or deny the allegations of paragraph 30.

31.     Denied; except admitted that Johnson's January 3, 2005 letter to George speaks for itself.

32.     Denied; except admitted that Johnson's January 3, 2005 letter to George speaks for itself.

3

33.     Denied; except admitted George placed Johnson on paid administrative leave effective January 3, 2005, and Johnson was afforded the opportunity to remove personal belongings from her office.

34.     Denied; except admitted the notice of placement on paid administrative leave provided to Johnson speaks for itself.

35.     Denied; except admitted the notice of placement on paid administrative leave provided to Johnson speaks for itself.

36.     Denied; except admitted that on January 4, 2005, the announcement attached to this Answer as Exhibit A was provided to employees of the College, and that the announcement speaks for itself.

37.     Admitted.,

38.     Defendants are without information sufficient to affirm or deny the allegations in paragraph 38 of the Complaint.

39.     Denied; except admitted Johnson, through her attorney, provided the Defendants a copy of the draft complaint on February 16, 2005.

40.     Denied.

41.     Denied.

42.     Denied; except admitted that Johnson's employment agreement speaks for itself.

43.     Denied; except admitted that by letter dated April 27, 2005, counsel for the College provided Johnson's counsel with notice of intent to terminate.

44.     Denied; except admitted that Rules of Procedure for the Conduct of Termination Proceedings Involving a Vice President and Campus Director were attached to the

April 27, 2005 Notice of Intent to Terminate, and that such Rules of Procedure were drafted for the conduct of the Johnson's termination proceeding, as well as any future termination proceedings for a Vice President and Campus Director.

45.    Denied; except admitted that the January 3, 2005 memorandum from George to Johnson speaks for itself.

46.    Denied; except admitted that independent investigators retained by the College met with witnesses in connection with the investigation of Johnson's misconduct, as well as preparation for the termination hearing.

47.    Denied; except admitted that Johnson's counsel did not have subpoena power. By way of further answer, the College offered to make every reasonable effort to secure the cooperation of employee/witnesses, and to secure the appearance of such individuals at the hearing.

48.    Denied; except that paragraph 3(c)(ii) of Johnson's employment agreement speaks for itself. By way of further answer, the Notice of Intention to Terminate Johnson included a copy of the detailed forensic audit conducted by SantoraBaffone dated April 12, 2005; Johnson's counsel had access to the work product of SantoraBaffone in advance of the termination hearing; and the provision in Johnson's employment agreement providing for the affidavits of employees was drafted, and the agreement was signed, at a time when the College's procedures for the conduct of pretermination hearings provided that the administration was not obligated to produce witnesses, or be subject to the cross-examination.

49.    Denied; except admitted the January 4, 2005 announcement reported that Johnson was on administrative leave, and Johnson requested that the College make a public announcement that no College employee would be subjected to retaliation for testifying at the

hearing.  By way of further answer, the College offered to provide any prospective witnesses with a letter from the President offering assurances that there will be no retaliation for testifying at the hearing.

50.    Denied.

51.    Denied that Johnson's paid administrative leave pending the completion of an investigation constituted a suspension, and denied Johnson was not afforded the right to contest the termination of her employment..

52.    Denied that Defendants engaged in any wrongful action.  The Defendants are without sufficient information to affirm or deny the allegations of paragraph 52 concerning Dr. Johnson's allegations of suffering pain and mental anguish.

53.    Denied that Defendants engaged in wrongful conduct.  The Defendants are without sufficient information to affirm or deny the allegation Johnson has expended great sums of money for medical treatment.

54.    Denied.

55.    Denied; except admitted the termination of Plaintiff's employment resulted from the investigation and the conduct of a pretermination hearing which satisfied, and exceeded, all of the requirements of the due process clause.

### COUNT I

56.    The responses to paragraphs 1 through 55 are incorporated by reference.

57.    Denied.

58.    Denied.

59.    Denied there was a Constitutional violation.  Denied the individual defendant has the burden of proof.  Denied there are not grounds to terminate Johnson.

60.     Denied.

## COUNT II

61.     The responses to paragraphs 1 through 60 are incorporated by reference.

62.     Denied the placement of Johnson on paid administrative leave pending the completion of an investigation constituted discipline or the deprivation of a property interest. Admitted Johnson had a protected property interest in the pre-termination hearing which satisfied all of the requirements of the Due Process clause

63.     The allegations of paragraph 63 set forth a legal conclusion as to which no responsive pleading is required.

64.     The allegations of paragraph 64 set forth a legal conclusion as to which no responsive pleading is required.

65.     Denied the placement of Johnson on paid administrative leave pending the completion of an investigation constituted discipline or deprived her of a protected property interest.

66.     Denied.

## COUNT III

67.     The responses to paragraphs 1 through 66 are incorporated by reference.

68.     Denied the placement of Johnson on paid administrative leave constituted discipline.  Admitted Johnson had due process rights prior to the termination of her employment.

69.     Denied.

70.     Denied Johnson was deprived of her due process rights

71.     Denied that the Defendants have violated any of Johnson's rights.

72.     Denied.

7

73.    Denied.

74.    Denied.

## FIRST ADDITIONAL DEFENSE

75.    The Defendants move to dismiss the Complaint on the grounds that Johnson fails to state a claim upon which relief can be granted.

## SECOND ADDITIONAL DEFENSE

76.    Defendant George moves to dismiss the claims against him in his personal capacity on the grounds that the Complaint fails to state a claim upon which relief can be granted against him in his personal capacity.

## THIRD ADDITIONAL DEFENSE

77.    The claims against Defendant George in his personal capacity are barred by the doctrine of official immunity.

## FOURTH ADDITIONAL DEFENSE

78.    Johnson is not entitled to injunctive relief because she has an adequate remedy of law.

## FIFTH ADDITIONAL DEFENSE

79.    The claims against the College and George in his official capacity are barred by the Eleventh Amendment and the doctrine of sovereign immunity.

## SIXTH ADDITIONAL DEFENSE

80.    The Court lacks subject matter jurisdiction over Johnson's claims in whole or in part.

## SEVENTH ADDITIONAL DEFENSE

81.    Johnson did, or with reasonable effort could have, mitigated her damages in whole or in part.

WHEREFORE, the Defendants request that the Complaint be dismissed with all costs and fees assessed against Johnson.

## COUNTERCLAIM OF
## DELAWARE TECHNICAL AND COMMUNITY COLLEGE

82.    On January 3, 2005, Johnson was placed on administrative leave pending an investigation involving her pattern of behavior over the past several years.

83.    During her tenure as Vice-President and Campus Director of the Terry Campus, Johnson was inappropriately abusive to many employees who worked under her supervision.  This abusive treatment served to fraudulently conceal Johnson's misconduct by creating an atmosphere thwarting employees from questioning or reporting Johnson's misconduct.

84.    After Johnson was placed on paid administrative leave in January, 2005, Terry Campus employees came forward to report Johnson's improper use of College personnel and resources for Johnson's personal purposes.

85.    At that point, the investigation of Johnson's pattern of behavior was placed on hold, and the college retained SantoraBaffone CPA Group to conduct a forensic audit of the activities of Johnson reported by College employees.

86.    The forensic audit resulted in the April 12, 2005 Report of SantoraBaffone attached as Exhibit A.

87.    On April 27, 2005, the College issued a notice of intent to terminate Johnson for the reasons set forth in the April 12, 2005 Report.

88.     The notice of intent to terminate resulted in a two day termination hearing on June 29 and July 1, 2005.

89.     On July 19, 2005, Vincent A. Bifferato, the Hearing Officer designated by the College, issued his decision concluding the College sustained its burden of establishing the facts set forth on pages 2 through 4 of the July 19, 2005 decision, a copy of which is attached as Exhibit B, and incorporated herein by reference.

90.     The College seeks restitution for the following amounts:

(a)     $23,422 for the time Kathy Powell devoted to working on Johnson's personal matters during business hours;

(b)     $6,097 representing a conservative estimate of the cost of College personnel and College material costs devoted to Johnson's 1999 family reunion;

(c)     $80 for the purchase of jewelry with a College credit card from Three Castle Antiques Shop in October, 2002;

(d)     $371 for the purchase of antique books with a College credit card from the Three Castle Antiques Shop in October, 2002;

(e)     $2,851 representing the costs, including the value of Johnson's salary for 3 days, of Johnson's trip to Raleigh, North Carolina in October, 2002 for personal purposes, but charged to the College as a business expense.

WHEREFORE, the College requests the Court enter judgment against Johnson in the amount of $32,821, together with interest.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP


David H. Williams (#616)
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE  19899
(302) 888-6900
dwilliams@morrisjames.com
Attorneys for Defendants


Dated:   September 29, 2005

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARGUERITE A. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-157-KAJ |
| | ) | |
| ORLANDO J. GEORGE, JR., in both his | ) | Trial By Jury Demanded |
| official and personal capacities, and | ) | |
| DELAWARE TECHNICAL AND | ) | |
| COMMUNITY COLLEGE, | ) | |
| | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

I, David H. Williams, hereby certify that on September 29, 2005, I electronically filed the attached **DEFENDANTS' ANSWER TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Gary W. Aber, Esquire
> Aber, Goldlust, Baker & Over
> 702 King Street, Suite 600
> Wilmington, DE 19899-1675

David H. Williams (#616) (dwilliams@morrisjames.com)
Jennifer L. Brierley (#4075) (jbrierley@morrisjames.com)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Ave., 10th Floor
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900/6848

Dated: September 29, 2005