# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

David H. Williams
(302) 888-6900
dwilliams@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

January 27, 2006

**VIA E-FILING AND HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Court
844 North King Street
Room 6325, Lockbox No. 10
Wilmington, DE 19801

        RE:    *Marguerite Johnson v. Delaware Technical & Community College, et al.*
                *C. A. No. 05-157-KAJ*

Dear Judge Jordan:

      This is the Defendants' submission with respect to the discovery disputes which are the subject of the January 31, 2006 telephone conference.

**Treatment Records**

      The following interrogatory directed to Plaintiff is at issue:

> "18. Identify every physician, psychologist, psychiatrist, or other health care professional from whom you sought or received counseling or medical treatment for any behavioral issue or concern, including anger management, impulse control, abusive treatment of others, or other issues affecting your personal interactions with others. For each such physician, psychologist, or psychiatrist, identify the individual's name, address, phone number, dates of treatment, nature of the treatment and reasons for the treatment."

The Plaintiff objected on the grounds emotional distress damages are not sought in this case.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

January 27, 2006
Page 2

By way of brief background, the Plaintiff, Dr. Johnson, was a Vice President of Delaware Technical and Community College ("the College"), and Director of the Terry Campus. Following a meeting of the Terry Campus Department Chairs on November 19, 2004, Dr. Orlando J. George, Jr., President of the College, received anecdotal reports that Dr. Johnson confronted and attacked a colleague thereby engaging in inappropriate and unprofessional behavior. Dr. George observed that allegations concerning this incident were particularly troubling given the fact that he received reports that Dr. Johnson engaged in similar conduct over at least the last several years. On January 3, 2005, Dr. Johnson was placed on paid leave pending an investigation focusing on allegations concerning her pattern of behavior over at least the past several years. After Dr. Johnson was placed on paid administrative leave, information surfaced concerning financial improprieties involving Dr. Johnson. Following a pre-termination hearing before Vincent A. Bifferato, Sr., Dr. Johnson was terminated due to such financial improprieties.

The Supplemental Complaint alleges that Dr. George's motivation for placing Dr. Johnson on paid administrative leave was retaliation for Dr. Johnson's First Amendment protected speech on matters of public concern. Putting to the side the issue of whether Dr. Johnson engaged in speech protected under the First Amendment, the issue of what motivated Dr. George to place Dr. Johnson on paid leave is central to the Plaintiff's claim.

The questions at Dr. George's deposition confirmed that Dr. Johnson will attempt to prove that there was no basis for Dr. George's concern that Dr. Johnson engaged in a pattern of inappropriate and unprofessional behavior over several years. In other words, Dr. Johnson will attempt to establish pretext. The College will refute Dr. Johnson's effort to prove pretext by demonstrating that, at least as early as 2002, Dr. George was meeting with Dr. Johnson to discuss anecdotal reports Dr. Johnson engage in conduct typically involving shouting and publicly berating staff, as well as the manner in which she interacted with her peers. At that time, the College offered to work with Dr. Johnson if she acknowledge she had a problem and took steps aimed at modifying her behavior.

The discovery sought by the College is critical to the defense of the pretext allegation in that it may establish that Dr. Johnson has, in fact, received treatment for the type of behavior Dr. George was legitimately concerned about.

**Identification of Individuals Identified in Paragraph 10 of Plaintiff's Supplemental Answers to Defendants' First Set of Interrogatories**

The interrogatory at issue requests that Dr. Johnson identify the individuals who expressed to her concern that she was guilty of wrongful and improper and conduct at the time she was placed on paid administrative leave in January of 2005. Dr. Johnson's response to this interrogatory identifies 6 individuals without names and addresses as required by the interrogatories, and states that: "Many other individuals have approached the plaintiff

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

January 27, 2006
Page 3

questioning 'what have you done wrong?'" By letter dated November 7, 2005, counsel for the College requested the last known business or home addresses and phone numbers of the individuals listed in the answer to this interrogatory, and requested that the "many other individuals" be identified. This request was repeated in letters to Dr. Johnson's counsel dated November 17, 2005, December 7, 2005, and January 3, 2006. The requested information has not been provided.

  Thank you for considering this matter.

          Respectfully,

          */s/ David H. Williams*
          David H. Williams
          Bar I.D. #616

DHW/jam
cc: Gary W. Aber, Esquire – via e-filing
   Brian Shirey, Esquire – via mail
   Clerk of the Court – via e-filing