1    the decibel level?

2        A.    I think the message that she was conveying to

3    me was certainly inappropriate.  Adjuncts are there at

4    an in-service to receive training and we usually greet

5    them and welcome and thank them for their service and

6    for helping us teach classes.  And rather than

7    receiving a message of welcome back, here's an

8    in-service, here's what you can do to help us, the

9    message was if you don't like it here, there's the

10   parking lot; we can find somebody else to replace you.

11           And there was no incident that would have

12   occurred that would have led to that type of welcoming

13   address.  It certainly was far from welcoming.

14       Q.    Did you attend a meeting with Dr. Johnson on

15   November 19th, 2004?

16       A.    Yes.

17       Q.    What kind of meeting was that?

18       A.    It was department chairpersons meeting in which

19   I as the dean of instruction hold meetings for the

20   department chairpersons every other week or so.  And

21   routinely in my meetings I will invite guests from

22   other divisions to update and inform the department

23   chairs of recent happenings and things on the campus

24   and at the college.



Connie M. Spampinato                    15

1          In this particular meeting there was a new

2    information technology, the group is called DIET, it's

3    the information technology group on campus.  And it

4    was newly charged to a college-wide director, Peter

5    Shoudy, and he was reorganizing the unit across the

6    college to incorporate people from each campus into a

7    more college-wide type of organizational structure.

8          And as part of that I thought this would

9    be very appropriate to invite Mr. Shoudy to the

10   department chairpersons meeting so that he could

11   update and inform the department chairpersons of the

12   new organizational structure because they then

13   disseminate information down to the faculty and like

14   that.

15          Oftentimes before I hold those meetings I

16   would share with Dr. Johnson, give her updates

17   regularly each week what's happening in the

18   instructional division and I mentioned to her that I

19   was inviting Mr. Shoudy to the meeting.  And she said,

20   "Oh, that's good.  Perhaps you could invite the rest

21   of the administrative council to the meeting as well

22   so that we all can hear what he has to say to the

23   campus."  I said, "That's perfectly fine.  I'll be

24   happy to do that."

A162

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARGUERITE A. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-157 (KAJ) |
| v. | ) | |
| | ) | Trial By Jury Demanded |
| ORLANDO J. GEORGE, JR., | ) | |
| in both his official and personal | ) | |
| capacities, and DELAWARE | ) | |
| TECHNICAL AND COMMUNITY | ) | |
| COLLEGE, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S SUPPLEMENTAL ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF

1.　　Identify each person from whom you have obtained or will obtain a written statement concerning the facts of this case.

**ANSWER**:　Objection: Attorney work product and trial preparation materials.

2.　　Identify each expert you have reason to believe you will call to testify at trial, and as to each such expert provide the information required by Rule 26(a)(3).

**ANSWER**:　The following witnesses may be called to testify concerning the damage to Plaintiff's professional reputation. No reports have yet been obtained.

Dr. Nolen Ellison, Retired, present Cuyahoga Community College Cleveland, Ohio.

Dr. Calvin Woodland, President Capital Community College Hartford Connecticut

Dr. Narcissa A. Polonia-Director of Board Services-Association of Community Colleges (ACCT)

Dr. Christine Johnson-McPhail-Director-Community College Leadership Doctorate Program-Morgan State University.

**A163**

Ms. Carol Everhart-Manager, Community Relations-Northrop Grumman-Dallas, Texas.

Mrs. Dolores H. Fridge-Associate Vice Chancellor-Equal Opportunity & Diversity Office-Minnesota State Colleges & Universities.

Dr. Helen Carr-Chancellor-Contra Costa Community College District Member, AACC Board of Directors.

Dr. Patrick Liverpool-Retired Dean- School of Management-Delaware State University.

In addition, it is anticipated that plaintiff will provide expert economic testimony.


3.    Describe in detail the types and amounts of all damages you are seeking in your complaint, set forth the calculation of damages that you are seeking in this case, and detail the manner in which you calculated such damages.

**ANSWER**:   Lost wages beginning on the first day after her last paycheck and employment benefits.  This sum has not yet been calculated.  In addition, the plaintiff will seek unliquidated damages for pain, suffering, and damage to her professional reputation.


4.    Identify each person whom you know or believe has knowledge or information concerning any allegations in your complaint, and for each such person, describe in detail the nature of his or her knowledge and information and state how you became aware of that person's knowledge.

**ANSWER**:   Lauretta Cooper-Attend November 19, 2005 Meeting

Shelby Jones Crawford- Attended November 19, 2005 Meeting.

All witnesses who testified at the DTCC hearing of June 29 & July 1, 2005.

Ron Pleasanton-Attended November 19, 2005 Meeting.

Ruth Yanos-Attending November 18, 2005 Meeting.

Connie Spampinato-Attended November 19, 2005 Meeting, attended March 22, 2005 Deans/Directors meeting where Simpson discusses investigation, Johnson's behavior, and the inappropriate use of funds. Dean Spampinato also met with her Department Chairs to discuss investigation and assured them that if they had done anything with Dr. Johnson that was against the college policy, they should feel free to reveal the information. She assured the Department Chairs that no one would know and they would be protected by the college.

5.     Identify every physician, chiropractor, psychologist, psychiatrist, or other health care personnel from whom you have sought or received counseling or medical treatment for any physical and/or emotion injury that you contend was caused by Defendants, and for each, state the individual's name, address, phone number, dates of treatment, nature of the treatment and the reasons for the treatment.

**ANSWER:**     Plaintiff does not seek any compensation for any medical treatment caused by the defendant's actions.

6.     For each health care provider identified in response to Interrogatory No. 9, described in detail:

a.     The dates upon which you began and ended treatment with the health care provider;

b.     The medical care provided including the name of any medication prescribed by the healthcare provider and the dates during which you took such medication and any surgical procedures or operations conducted on you by the healthcare provider;

c.     Any physical therapy program prescribed or overseen by the healthcare provider; and

d.    Any work restrictions placed upon you by any healthcare provider and the dates those restrictions were in effect.

**ANSWER:**    Plaintiff does not seek any compensation for any medical treatment caused by the defendant's actions.

7.    Identify all civil and administrative actions to which you have been a party or a testifying witness, and include all identifying numbers assigned by the agency or court.

**ANSWER:**

Shirley Henshaw & Judith Bisno and on the behalf of all others similarly situated vs. Delaware Tech. Civil Action No.: 74-196.

Black Caucus v. Delaware Tech- Grievance No. ST-75-1 (5-22-75)

Johnson v. Delaware Tech-Grievance No. ST-80-19 (2-18-80)

Department of Labor-Johnson v. Delaware Tech-Charge No. 8007/127 (July, 1980)

Sinha v. Delaware Tech-Stanton Campus- I gave deposition.

8.    Identify each occasion when Orlando J. George, Jr. ("George") disciplined Johnson as alleged in paragraph 24 of the complaint.

**ANSWER:**    See letters dated November 26, 2002, December 17, 2002 and December 8, 2004.

9.    Identify in as much detail as possible the statements Johnson made during the November 19, 2004 meeting referred to in paragraph 26 of the complaint.

**ANSWER:**    Several individual have asked me questions regarding Dan Siok's new position and his new role as Coordinator of Emerging Technologies, such as "Would you please clarify these changes?"; "Is his coordinator's position responsibilities

comparable to those of an instructional coordinator"? **The following are the precise questions that were asked by Dr. Johnson:**

> **"Peter-- would you clarify the role of coordinator of emerging technology?**
>
> **Is this the same as an instructional coordinator?**

**Following these questions, numerous other individuals and faculty members asked questions, including Ron Pleaston, Zach Roistor, Connie Spampianto, and Shelby Jones Crawford.**

**After the meeting, Dr. Johnson met with Peter Shoudy, along with Charlotte Lister to discuss problems with the IT department. Specifically, they discussed that the IT department had lost the database for the "Wheels Program". This was a subject which had been previously discussed, either in person, or by email between Dr. Johnson and Peter Shoudy, and the purpose of this meeting was to reach an ultimate conclusion as to discipline.**

10.    Identify the "members of the public" who have expressed concerned to Johnson as alleged in paragraph 38 of the complaint.

<u>**ANSWER**</u>:    Neete Evans        Reuban Saulters

Pat Edwards        Diane McGuire

Tom Pribanic        Dan King.

Many other individuals have approached the plaintiff questioning "what have you done wrong".

ABER, GOLDLUST, BAKER & OVER

_____
GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE  19899
302-472-4900
Attorney for Plaintiff

DATED:  November 16, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MARGUERITE A. JOHNSON,               )
                                     )
              Plaintiff,             )
                                     )
       v.                            )      C.A. No. 05-157 (KAJ)
                                     )
                                     )      Trial By Jury Demanded
ORLANDO J. GEORGE, JR.,              )
in both his official and personal    )
capacities, and DELAWARE             )
TECHNICAL AND COMMUNITY              )
COLLEGE,                             )
                                     )
              Defendants.            )

## PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST REQUEST FOR ADMISSIONS DIRECTED TO PLAINTIFF

1.     Plaintiff received from Defendant Delaware Technical and Community College the payment of full salary and benefits from January 3, 2005 through July 19, 2005.

**RESPONSE**:        Admitted.

2.     Attached as Exhibit A is a copy of Hearing Officer Vincent A. Bifferato's July 19, 2005 Decision following the conclusion of the termination hearing held on June 29 and July 1, 2005.

**RESPONSE**:        It is admitted that Exhibit A is the document issued by Vincent A. Bifferato on July 19, 2005. To the extent that it is contended that such document represents an appropriate due process hearing to which the plaintiff was entitled, it is denied.

**A169**

ABER, GOLDLUST, BAKER & OVER

GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE  19899
302-472-4900
Attorney for Plaintiff

DATED:  October 10, 2005

DEC 2 8 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MARGUERITE A. JOHNSON,               )
                                     )
          Plaintiff,                 )
                                     )     C.A. No.  05-157 (KAJ)
     v.                              )
                                     )     Trial By Jury Demanded
ORLANDO J. GEORGE, JR.,              )
in both his official and personal    )
capacities, and DELAWARE             )
TECHNICAL AND COMMUNITY              )
COLLEGE,                             )
                                     )
          Defendants.                )

### PLAINTIFF'S RESPONSES TO DEFENDANTS' SECOND REQUEST FOR ADMISSIONS DIRECTED TO PLAINTIFF

3     The draft complaint referred to in paragraph 39 of the Supplemental Complaint was provided to the defendant on February 16, 2005 under cover of a letter dated February 16, 205 from Gary W. Aber  ("Aber") to David H. Williams ("Williams" ), rather than on March 16, 2005 as alleged in paragraph 39 of the Supplemental Complaint.

**RESPONSE:**          Admitted.

4.     Attached as Exhibit 1 is the document referred to in paragraph 40 of the Supplemental Complaint.

**RESPONSE:**          It is admitted that Exhibit No. 1 attached to the Request for Admission was prepared.  The plaintiff, has no reason to doubt that it was circulated.  The plaintiff does no know whether a similar document was circulated prior to the circulation of Exhibit No. 1.

5.     Attached as Exhibit 2 are the Rules of Procedure referred to in Paragraph 44 of the Supplemental Complaint.

**A171**

**RESPONSE**        Admitted.

6.    But for the adoption of the Rules attached to these Requests for Admissions as Exhibit 2, the conduct of the pretermination hearing for Marguerite A. Johnson ("Johnson") would have been controlled by her Employee Master Contract and the provisions of Section 12.02 of the Delaware Technical and Community College Administrators Personnel Handbook, a copy of which is attached as Exhibit 3.

**RESPONSE**: Admitted, with the exception that the terms of the contract of Dr. Johnson with the college would also apply.

7.    The allegations of paragraph 45 are based upon the January 3, 2005 Memorandum from Defendant Dr. Orlando J. George, Jr. ("George") to Johnson, a copy of which is attached as Exhibit 4.

**RESPONSE**:        Admitted in part, and denied in part.    The allegations of paragraph 45 of the complaint are based both on the document attached as Exhibit 4 and verbal instructions given by the defendant George to the plaintiff.

8.    Attached as Exhibits 5 through 23 are letters from Williams to Aber, all of which were received by Aber.

**RESPONSE**:        It is admitted that Exhibits 5 through 23 were forwarded from defendant's attorney to plaintiff's attorney, however, one or more of those letters are objected to if it is intended that they are to be offered into evidence under the provisions of Rule 408, Federal Rules of Evidence.  Further objection is made to the extent that these letters are to represent the total correspondence between defendant's attorney and plaintiff's attorney.  Finally, objection is made in that to the extent that these letters

are designated for the purposes of representing the communications between defendant's attorney and plaintiff's attorney, they omit any correspondence from the plaintiff's attorney to the defendant's attorney.

9.    Attached as Exhibits 24 through 32 are copies of written communications exchanged between George and Johnson.

**RESPONSE**    It is exhibit that Exhibits 24 through 32 represent some of the correspondence between the plaintiff and the defendant. To the extent that they are intended to represent a complete course of correspondence and communication between the defendant and plaintiff involving the events described therein it is denied that they represent a complete communication. Further objection is made in Exhibit 32 did come attached to the produced documents.

ABER, GOLDLUST, BAKER & OVER


GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899
302-472-4900
Attorney for Plaintiff

DATED:  December 28, 2005

A173

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARGUERITE A. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-157-KAJ |
| | ) | |
| ORLANDO J. GEORGE, JR., in both his | ) | Trial By Jury Demanded |
| official and personal capacities, and | ) | |
| DELAWARE TECHNICAL AND | ) | |
| COMMUNITY COLLEGE, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' SECOND REQUEST FOR ADMISSIONS
## DIRECTED TO PLAINTIFF

Defendants Orlando J. George, Jr. and Delaware Technical and Community College ("Defendants") by and through their attorneys, Morris, James, Hitchens & Williams LLP, hereby propounds the following Requests for Admission upon Plaintiff Marguerite A. Johnson ("Plaintiff") pursuant to Rule 36 of the Federal Rules of Civil Procedure. Plaintiff's responses must specifically admit or deny the matter. Plaintiff may not give lack of information or knowledge as a reason for failing to admit or deny unless Plaintiff states that she has made reasonable inquiry and the information known or readily obtainable by Plaintiff is insufficient to enable her to admit or deny the matter. If Plaintiff considers a matter of which an admission has been requested presents a genuine issue for trial, Plaintiff may not, on that ground alone, object to the request.

**A174**

## REQUEST FOR ADMISSIONS

3.     The draft complaint referred to in paragraph 39 of the Supplemental Complaint was provided to the Defendant on February 16, 2005 under cover of a letter dated February 16, 2005 from Gary W. Aber ("Aber") to David H. Williams ("Williams"), rather than on March 16, 2005 as alleged in paragraph 39 of the Supplemental Complaint.

4.     Attached as Exhibit 1 is the document referred to in paragraph 40 of the Supplemental Complaint.

5.     Attached as Exhibit 2 are the Rules of Procedure referred to in Paragraph 44 of the Supplemental Complaint.

6.     But for the adoption of the Rules attached to these Requests for Admissions as Exhibit 2, the conduct of the pretermination hearing for Marguerite A. Johnson ("Johnson") would have been controlled by her Employee Master Contract and the provisions of Section 12.02 of the Delaware Technical and Community College Administrators Personnel Handbook, a copy of which is attached as Exhibit 3.

7.     The allegations of paragraph 45 are based upon the January 3, 2005 Memorandum from Defendant Dr. Orlando J. George, Jr. ("George") to Johnson, a copy of which is attached as Exhibit 4.

8.     Attached as Exhibits 5 through 23 are letters from Williams to Aber, all of which were received by Aber.

9.     Attached as Exhibits 24 through 32 are copies of written communications exchanged between George and Johnson.

**A175**

MORRIS, JAMES, HITCHENS & WILLIAMS LLP


David H. Williams
_____
David H. Williams (#616)
Jennifer L. Brierley (#4075)
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900
Attorneys for Defendants

Dated:  November 8, 2005

DHW/007409-0131/1306509/1

**A176**

3.  If the employee disagrees with a suspension with or without pay, demotion, reassignment, or termination of employment, he/she may, within twenty (20) working days of notice of the action, file a disciplinary grievance in accordance with Section XIII of this Manual.

4.  All documents relating to any corrective or disciplinary action, including documentation of verbal warning, shall be placed in the employee's official personnel file with copies forwarded to the Human Resources and Legal Affairs Department.

(Amended Board of Trustees, 11/17/1998)

## 12.02 PRE-TERMINATION OF EMPLOYMENT PROCEDURES

When dismissal of an employee is being considered, the following procedures should be followed. As a part of this process, a pre-termination hearing is to be offered the employee. This hearing is informal and is not intended to be a trial. Rather, it is an opportunity for an employee who requests a hearing to respond to the charges against him or her.

1.  Administration is to conduct an objective, thorough investigation of the matter in question.

2.  The employee must be notified in writing that termination of employment is being considered and the reasons (incidents and/or conditions) that led to the proposed action, and be offered the opportunity to request a pre-termination hearing. The employee should make any request for a pre-termination hearing in writing and should submit it to the Vice President and Campus Director with a copy to the Chief Legal Counsel and Associate Vice President for Human Resources, Office of the President.

3.  The Chief Legal Counsel and Associate Vice President for Human Resources or his or her designee, shall preside over such hearing, and will accept and consider any information or evidence offered by the employee and the administration.

4.  At the hearing, the following guidelines shall apply:

    •   Administration should be prepared to present and review the evidence used as a basis for the charges. However, neither the employee nor the administration is obligated to produce witnesses or be subject to cross examination.

    •   Employee may be accompanied by a representative if he/she chooses. The Chief Legal Counsel and Associate Vice President for Human Resources, or

XII.2

**A177**

his/her designee, will determine whether other employee representatives or witnesses may attend the hearing.

- Chief Legal Counsel and Associate Vice President for Human Resources, or his/her designee, is to determine if the employee understands the charges, and explain them if necessary.

- Chief Legal Counsel and Associate Vice President for Human Resources, or his/her designee, is to invite the employee to respond to the charges and provide any reason(s) why in his/her opinion termination of employment may be not be warranted.

- Chief Legal Counsel and Associate Vice President for Human Resources, or his/her designee, is to identify any factual disagreements which may give rise to further investigation.

- Chief Legal Counsel and Associate Vice President for Human Resources, or his/her designee, is to accept and consider any information or evidence offered by the employee and the administration. Neither the employee nor the administration is obligated to produce witnesses or be subject to cross examination.

- Chief Legal Counsel and Associate Vice President for Human Resources, or his/her designee, is to allow for reasonable discussion and questions.

5. Subsequent to the hearing, the Chief Legal Counsel and Associate Vice President for Human Resources, or his/her designee, shall submit his/her recommendation to the applicable Vice President and Campus Director for consideration and final determination.

6. The final decision as to whether to terminate the employee's employment is to be made by the Vice President and Campus Director and is to be based on the entire case record, including consideration of the pre-termination hearing recommendation, results of investigation, and any other relevant information.

A178

# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

David H. Williams
(302) 888-6900
dwilliams@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

March 7, 2005

**VIA FAX AND HAND DELIVERY**

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899-1675

RE:    Delaware Technical & Community College/Marguerite Johnson

Dear Gary:

On Friday, March 4, 2005, I met with a College official for the purpose of discussing the formulation of a counter proposal to resolve this matter.

During my absence on vacation, and in the absence of Dr. Johnson, information surfaced concerning questionable expenditures by Dr. Johnson. Before the College makes a counter proposal, it will discreetly take a closer look at these questionable expenditures, and quietly and quickly review internal records for the purpose of determining whether there may be additional, inappropriate expenditures or expense reimbursements initiated by Dr. Johnson.

It is anticipated that such a review will be completed within one week. At that point, the College will determine whether an independent audit is necessary and appropriate. If not, the College will make a counter proposal.

In the meantime, I will not initiate an investigation of the matters which led to the placement of Dr. Johnson on paid administrative leave.

Finally, I am not responding to the second paragraph of your February 18, 2005 letter. It seems to me no constructive purpose will be served by continuing to state and re-state our respective views concerning the placement of Dr. Johnson on paid administrative leave. In addition to the reasons set forth in the second paragraph of my January 7, 2005 letter to you, it is

A179

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

March 7, 2005
Page 2

unlikely information concerning what appear to be inappropriate expenditures would have surfaced but for Dr. Johnson's absence.

Sincerely,

David H. Williams

DHW/jam
cc:   Ms. Hope Murray

DHW/007409-0131/1093895/1

A180

# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

David H. Williams
(302) 888-6900
dwilliams@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

March 10, 2005

**HAND DELIVERY**

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE  19899-1675

RE:     Delaware Technical & Community College/Marguerite Johnson

Dear Gary:

This is in response to your letter of March 8, 2005.  I do not believe your characterization that in my absence ". . . the college has begun to do its own investigation, and rather than maintain our agreed to 'stand still' position, it seems to be advancing its position in order to achieve a strategic advantage over Dr. Johnson."  To the contrary, if an employee of the College brings information to senior officers of the College suggesting there may have been questionable expenditures, the College is not in a position to ignore such reports.  Rather, the College has a duty to determine whether there was an improper expenditure of public funds.

In any event, I am meeting with College officials tomorrow.  I may thereafter be in a position to provide additional information.

Sincerely,

David H. Williams

DHW/jam
cc:  Ms. Hope Murray

DHW/007409-0131/1095461/1

Dover (302) 678-8815                    Broom Street (302) 655-2599                    Newark (302) 368-4200

# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

David H. Williams
(302) 888-6900
dwilliams@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

March 16, 2005

**HAND DELIVERY**

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899-1675

RE:    Delaware Technical & Community College/Marguerite Johnson

Dear Gary:

This is in response to your demand for details concerning Dr. Johnson's questionable expenditures and use of College resources.

To begin with, in Dr. Johnson's absence, College employees disclosed information about Dr. Johnson's expenditures and use of resources. Such information did not surface when Dr. Johnson was present and in charge at the Terry Campus because she bullied and intimidated employees, including frequent threats of termination.

While the reports of misconduct are still being reviewed, it appears that the most egregious appropriation of College resources occurred surrounding a large family reunion Dr. Johnson hosted in 1999. Dr. Johnson directed her clerical staff, marketing department personnel, and graphic arts personnel to devote at least 200 hours to the creation and production of at least 20,000 pages of material including announcements, letters, postcards, a cookbook, and a family genealogy. Dr. Johnson directed her clerical staff to falsify business records by creating a fictitious invoice thereby enabling Dr. Johnson to reimburse the College for color copies at a rate substantially lower than the actual cost of reproduction. The 1999 misconduct was compounded in 2001 when, to a lesser extent, Dr. Johnson appropriated College resources to prepare for her 2001 family reunion.

With respect to questionable purchases using a State of Delaware Supercard, the College is still reviewing Supercard purchases based upon what has surfaced thus far. One

**MORRIS, JAMES, HITCHENS & WILLIAMS LLP**

March 16, 2005
Page 2

example is the purchase of 2 items of jewelry in an antique store in West Virginia in October, 2002.

Finally, information emerged as to whether some of Dr. Johnson's travel at College expense was for a legitimate business purpose. For example, in October, 2002, the College paid for Dr. Johnson's 3 day trip to Raleigh, North Carolina. As far as the College is able to determine, during the 3 day trip Dr. Johnson spent approximately one hour meeting with a public safety officer at Wake Community College. While Wake Community College may have benefited from this meeting (as we understand it, Delaware Tech was far more advanced in the area of public safety than was Wake Community College), the fact remains there is no apparent explanation as to why this meeting justified a 3 day trip. What College officials do know is that one of Dr. Johnson's relatives lives in the Raleigh, North Carolina area. The College has reason to believe Dr. Johnson and this relative worked together on planning the 2003 family reunion.

Within the next two weeks, the College will make every effort to conclude its review of the matters surfaced by employees, and make a determination as to what action is necessary and appropriate.

Sincerely,

David H. Williams

DHW/jam
cc: Ms. Hope Murray

**A183**

# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

David H. Williams
(302) 888-6900
dwilliams@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

June 13, 2005

**HAND DELIVERY**

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
Wilmington, DE 19899-1675

RE:    Marguerite Johnson v. Delaware Technical & Community College

Dear Gary:

This is in response to your letters of June 8, 2005 and June 10, 2005.

The College will make every reasonable effort to secure the cooperation of employees you designate as witnesses unless we do not believe a designated witness has any relevant, first-hand information. In such cases, we will attempt to resolve the matter with you. If we are unsuccessful, we will take our dispute to Judge Bifferato. We do not, however, intend to notify employees they are expected to attend the hearings as if they were under subpoena. The fact is that they are not under subpoena. Finally, the sooner you identify witnesses, the greater the likelihood we will be successful in securing their appearance.

We will investigate the allegation that "... numerous present employees have been told by college administrators that their testimony was either not essential, or superfluous, because based upon the audit and other findings it was a foregone conclusion that Dr. Johnson was going to be terminated." Which employees do you contend received such a communication from College administrators? We will also look into your allegation that persons calling Dr. Johnson's office are being told "She no longer works here."

With respect to your request for a public announcement, we have no reason to believe the College has led any employee to believe a decision has been made in Dr. Johnson's case. The announcement issued in January, 2005 simply indicates Dr. Johnson is on administrative leave, and "as a result, Daniel L. Simpson, Vice President for Academic Affairs, has been appointed Acting Assistant Campus Director and will have full administrative

**A184**

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

June 13, 2005
Page 2

responsibility for the Terry Campus." We are unaware of any announcement which deviates from the January, 2005 announcement.

In exercising best efforts to secure the cooperation of employees in the conduct of the hearing, prospective witnesses will receive a letter from the President offering assurances there will be no retaliation for testifying. In the meantime, if you contend a prospective witness has been threatened with retaliation, please provide us with specifics and we will investigate, and, if appropriate, take steps to address such a situation. The College does not believe it is appropriate to make a public statement as you suggest.

With regard to the proposed schedule, please let me know if we have agreement on a schedule. If I do not hear from you in the next day or so, I will contact Judge Bifferato in order to secure his assistance in establishing a schedule.

Turning to matters unrelated to your June 8 and June 10, 2005 letters, during a telephone conversation on June 7, 2005, you promised to let me know by noon June 8, 2005 which categories of documents you want to review, and which documents you want us to reproduce and send to you. Our concern is to avoid reproducing hundreds of pages of documents you may not want, and billing you for the cost of doing so.

With respect to correspondence files, it is my understanding that correspondence generated by Dr. Johnson is on electronic files maintained by Kathy Powell. The electronic files may be reproduced on a zip disk. Please let us know what you want us to do in this regard. Correspondence received by Dr. Johnson is filed in Kathy Powell's office area. Such correspondence is filed according to the topic or name of sender. Two 4 drawer lateral file cabinets contain this correspondence. This correspondence obviously represents a large volume of paper.

Finally, please provide a prompt response to the schedule proposed in my letter of June 8, 2005, including times when you are available on June 15 or June 16 for what I anticipate to be short depositions of Carol Himes and Jane Rabon.

Sincerely,

David H. Williams

DHW/jam
cc:   Dr. Hope W. Murray
      Mr. Brian Shirey

121101l/l

**A185**

# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

David H. Williams
(302) 888-6900
dwilliams@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

June 17, 2005

**HAND DELIVERY**

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
Wilmington, DE 19899-1675

RE:    Marguerite Johnson v. Delaware Technical & Community College

Dear Gary:

I anticipate calling the following witnesses:

| | |
|---|---|
| Dan Houghtaling | Cena Sweeny |
| Kathy Powell | Sue Molliken |
| Charlotte Lister | Fred Evins |
| Bob Hearn | Prudy Pearson |
| Dan Simpson | Stacy Stevens |
| David G. Dwyer | |

In addition, I intend to take the depositions of Carol Himes and Jane Rabon. Attached is a Notice of Deposition for Carol Himes. Jane Rabon retired and we are attempting to locate her.

If you intend to call Orlando George as a witness, I will substitute Dr. George as a witness for Hope Murray to cover the limited area I would otherwise cover through Hope Murray. If you list Dr. George as witness, he will out first witness on June 30, 2005. I will also agree that you can exceed the scope of direct examination in order to avoid recalling Dr. George as a witness in your case.

Dover (302) 678-8815                    Broom Street (302) 655-2599                    Newark (302) 368-4200

DHW/007409-0131/1223279/1

A186

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

June 17, 2005
Page 2

When can I expect your witness list?

Sincerely,

David H. Williams

DHW/jam
Enclosure
cc:  Dr. Hope W. Murray
     Brian Shirey, Esquire

**A187**

# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

David H. Williams
(302) 888-6900
dwilliams@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

June 17, 2005

**HAND DELIVERY**

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
Wilmington, DE 19899-1675

RE:    Marguerite Johnson v. Delaware Technical & Community College

Dear Gary:

In response to the last paragraph of your June 15, 2005 letter, identify the employees you have attempted to communicate with. Each such employee will receive a letter from the College President providing assurances there will be no retaliation for cooperating with Dr. Johnson's counsel, or testifying at the pre-termination hearing.

Staff at the Terry Campus have been directed to respond to communications directed to Dr. Johnson by indicating Dr. Johnson is on paid administrative leave.

Sincerely,

David H. Williams

DHW/jam
cc:    Dr. Hope Murray
Brian Shirey, Esquire

# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

David H. Williams
(302) 888-6900
dwilliams@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

June 22, 2005

**HAND DELIVERY**

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
Wilmington, DE 19899-1675

RE:    Marguerite Johnson v. Delaware Technical & Community College

Dear Gary:

Subsequent to your June 20, 2005 letter referring to your review of 700 pages of documents, you have received several hundred more pages of documents, as well as a CD containing correspondence Johnson sent. Correspondence Johnson received occupies several file drawers and is available for inspection in Dover.

Documents are being copied and sent to you rather than being produced for inspection for your convenience. With the exception of correspondence files, the files are in my office in file folders. You are welcome to come to my office to review the originals.

Sincerely,

David H. Williams *(jam)*
David H. Williams

DHW/jam
cc:    Dr. Hope W. Murray
       Brian Shirey, Esquire

Dictated but not read by Mr. Williams due to his absence from the office.

Dover (302) 678-8815        Broom Street (302) 655-2599        Newark (302) 368-4200

DHW/007409-0131/1234310/1

**A189**

# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

David H. Williams
(302) 888-6900
dwilliams@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

June 22, 2005

**HAND DELIVERY**

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
Wilmington, DE 19899-1675

RE:    Marguerite Johnson v. Delaware Technical & Community College

Dear Gary:

Assurance of no retaliation will be provided upon request to the individuals you identify. Your preference for a public statement is unacceptable because such a statement communicates the fact there is a confidential termination hearing to the entire College community most of whom no have role in or need to know of the hearing. Furthermore, such a statement implies there have been threats of retaliation, or at least reason to be concerned about retaliation. The fact is we do not believe such threats have occurred, nor do we believe there is a reasonable basis for being concerned about retaliation.

Your suggestion individualized letters from Dr. George will result in a hit list of retaliation victims insults Dr. George's integrity. Moreover, your insistence that a public statement avoids the possibility of a hit list is illogical. In all events the College will know who testifies.

**A190**

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

June 22, 2005
Page 2


There will be no retaliation. Perhaps employees do want to get involved because they have no relevant information, or have nothing favorable to say about Dr. Johnson.

Sincerely,

*David H. Williams*

David H. Williams

DHW/jam
cc:   Dr. Hope W. Murray
      Brian Shirey, Esquire

Dictated but not read by Mr. Williams due to his absence from the office.

DHW/007409-0131/1234425/1

# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

David H. Williams
(302) 888-6900
dwilliams@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

June 27, 2005

**HAND DELIVERY**

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
Wilmington, DE 19899-1675

RE:    Marguerite Johnson v. Delaware Technical & Community College

Dear Gary:

Attached is a binder containing the College's exhibits.

Sincerely,

David H. Williams

DHW/jam
Enclosure

Dover (302) 678-8815            Broom Street (302) 655-2599            Newark (302) 368-4200

DHW/007409-0131/1242786/1

**A192**

# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

David H. Williams
(302) 888-6900
dwilliams@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

June 28, 2005

**HAND DELIVERY**

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
Wilmington, DE 19899-1675

RE:    Marguerite Johnson v. Delaware Technical & Community College

Dear Gary:

This will confirm that the most recent Employment Agreement signed by Dr. Johnson is dated July 25, 1974.

Attached are the affidavits you requested.

Also attached are letters from Dr. George which you are authorized to provide to prospective witnesses.

Sincerely,

David H. Williams

DHW/jam
Enclosures
cc:   Dr. Hope W. Murray
        Brian Shirey, Esquire

Dover (302) 678-8815          Broom Street (302) 655-2599          Newark (302) 368-4200

DHW/007409-0131/1244635/1

**A193**

# DELAWARE TECH ◆

*Orlando J. George, Jr., President*                    *Dover◆Georgetown◆Stanton◆Wilmington*

June 28, 2005

Dear Delaware Tech Employee:

You have been named as witness in the Pretermination Hearing of Terry Campus Vice President and Campus Director Dr. Marguerite M. Johnson. This hearing is scheduled for Wednesday, June 29, 2005 and Friday July 1, 2005, in Room 305 of the MBNA Building on the Delaware State University Campus. David H. Williams, Esq., attorney for the college, and Gary W. Aber, Esq., attorney for Dr. Johnson, will be the individuals directing questions to you in this hearing.

As President, I am asking that you cooperate fully with Mr. Williams and Mr. Aber by providing complete and accurate responses to any questions they may ask of you.

While I am fully aware that this is a difficult and unfortunate situation, you have my complete assurance that your conduct is not at issue and you will not be subjected to retaliation in any way by me or any member of the college administration for participating in this hearing.

Sincerely,

Orlando J. George, Jr.
President

*Delaware Technical & Community College*
**Office of the President**
P.O. Box 897, Dover, DE 19903
Phone: (302) 739-4053 Fax: (302) 739-6225 E-mail: pres@college.dtcc.edu
*Equal Opportunity/Affirmative Action Institution*

**A194**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

MARGUERITE A. JOHNSON,    )
    )
    Plaintiff,    )
    )
    v.    )    C.A. No. 05-157-KAJ
    )
ORLANDO J. GEORGE, JR., in both his    )    Trial By Jury Demanded
official and personal capacities, and    )
DELAWARE TECHNICAL AND    )
COMMUNITY COLLEGE,    )
    )
    Defendants.    )

## DEFENDANTS' FIRST REQUEST FOR ADMISSIONS
## DIRECTED TO PLAINTIFF

Defendants Orlando J. George, Jr. and Delaware Technical and Community College ("Defendants") by and through their attorneys, Morris, James, Hitchens & Williams LLP, hereby propounds the following Requests for Admission upon Plaintiff Marguerite A. Johnson ("Plaintiff") pursuant to Rule 36 of the Federal Rules of Civil Procedure. Plaintiff's responses must specifically admit or deny the matter. Plaintiff may not give lack of information or knowledge as a reason for failing to admit or deny unless Plaintiff states that she has made reasonable inquiry and the information known or readily obtainable by Plaintiff is insufficient to enable her to admit or deny the matter. If Plaintiff considers a matter of which an admission has been requested presents a genuine issue for trial, Plaintiff may not, on that ground alone, object to the request.

## REQUEST FOR ADMISSIONS

1.    Plaintiff received from Defendant Delaware Technical and Community College the payment of full salary and benefits from January 3, 2005 through July 19, 2005.

2.    Attached as Exhibit A is a copy of Hearing Officer Vincent A. Bifferato's July 19, 2005 Decision following the conclusion of the termination hearing held on June 29 and July 1, 2005.


MORRIS, JAMES, HITCHENS & WILLIAMS LLP


David H. Williams (#616)
Jennifer L. Brierley (#4075)
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900
Attorneys for Defendants

Dated:  August 15, 2005

DHW/007409-0131/1270014/1

**A196**



Vincent A. Bifferato, Jr.
Ian Connor Bifferato
Jeffrey M. Gentilotti
Joseph R. Biden, III
David A. Denham
Veronica O. Faust
Catherine Zwolak Kilian
Joseph K. Koury
George T. Lees, III
Garvan F. McDaniel

Alternative Dispute Resolution
—
Vincent A. Bifferato
William Swain Lee
Carl Schnee
—

Writer's Email: VAB@bgbde.com
Reply to Wilmington

July 19, 2005

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
Suite 600, 702 King Street
P. O. Box 1675
Wilmington, DE   19899-1675

David H. Williams, Esquire
Morris, James, Hitchens & Williams
10th Floor, 222 Delaware Avenue
P. O. Box 2306
Wilmington, DE   19899-2306

Re:   **Marguerite Johnson**

Counsel:

On January 3, 2005, Dr. Marguerite A. Johnson, Vice President and Director of the Dover campus of Delaware Technical & Community College was placed on administrative leave pending an investigation involving her pattern of behavior over the past several years. On April 27, 2005, Marguerite Johnson through her attorney, Gary Aber, was given notice of intent to terminate her employment based upon a study conducted by Santora Baffone CPA Group dated April 12, 2005, which constituted a course of conduct which was a hazard to the health, safety and well-being of the College, its employees and students. On May 11, 2005, I was appointed as hearing officer in this matter. The hearings were held on June 29 and July 1, 2005 at the campus of Delaware State University. After reviewing all of the evidence presented at the hearing including exhibits, I find the pertinent facts to be as follows.

Bifferato, Gentilotti & Biden, P.A.
www.bgbde.com
—

200 Biddle Avenue
Suite 203
Newark, DE 19702
Phone: 302 - 429 - 1900
Fax: 302 - 832 - 7540

1308 Delaware Avenue
Wilmington, DE 19806
P.O. Box 2165
Wilmington, DE 19899 - 2165
Phone: 302 - 429 - 1900
Fax: 302 - 429 - 8600

701 Rehoboth Avenue
Rehoboth Beach, DE 19971
Phone: 302 - 227 - 6600
Toll Free: 866 - 618 - 2433
Fax: 302 - 227 - 6778

Gary W. Aber, Esquire
David H. Williams, Esquire

Page 2
July 19, 2005

Dr. Marguerite A. Johnson was hired as a full-time employee of Delaware Technical & Community College in 1974. Through various appointments, she eventually became a Vice President and Director of the Dover campus of the Delaware Technical & Community College. Dr. Johnson's conduct in running the Dover campus came into question the latter part of 2004. After a meeting with the President of the College, Dr. Johnson was placed on paid administrative leave in January, 2005. An investigation was then undertaken by David Williams, Esquire, an attorney for the Delaware Technical & Community College, and an accountant employed by Santora Baffone CPA Group. As a result of these investigations, it was determined that Dr. Johnson abused her position at the Dover campus by using personnel and material for personal purposes, abuse of a college credit card, and abusive behavior towards employees.

Some time in 1999, Dr. Johnson was planning a family reunion. She was in charge of this particular event and used staff at the Dover campus for purposes of preparing a cookbook, genealogy book, programs, invitations, and flyers. According to the CPA report, thousands of dollars of personnel time and material of the College was spent on this purpose. Although Dr. Johnson claims she paid monies back to the College, it is apparent that she did not fully reimburse the College for the personnel time and materials.

It was also demonstrated that Dr. Johnson, being in possession of a college credit card, used the credit card on many trips not only for school purposes but for personal purposes, most of which she repaid the College once so informed. However, she did purchase several items, a briefcase, several antique books and jewelry for personal use, where there was no reimbursement.

It is also a contention of the College that Dr. Johnson was inappropriately abusive to many of its employees. After reviewing all of the evidence and the exhibits, the hearing officer finds that the College has met its burden of proof by a preponderance of the evidence that Dr. Johnson inappropriately used College personnel and materials for personal matters. It has also been established by a preponderance of the evidence that Dr. Johnson did not fully and equitably replay the College for such labor and materials. Dr. Johnson defends these allegations by claiming that many employees in a position of authority also have staff do personal errands and favors for their

Gary W. Aber, Esquire
David H. Williams, Esquire

Page 3
July 19, 2005

bosses. However, the magnitude of this undertaking for the 1999 reunion was a gross deviation from any accepted practice for the secretary at times performing a minor personal errand for their supervisor. It is clear that Dr. Johnson was in a position of authority. She should have known that use of College personnel for private matters was inappropriate and set a bad example for all of those who worked on the project. Although it is clear that Dr. Johnson did not tell any of the employees to keep the matter private, it is also clear that Dr. Johnson took advantage of these employees and their knowledge of her treatment of other employees that this was a personal matter. Dr. Johnson inappropriately used her position as Vice President and Director of the Dover campus to have the employees do her personal work at great expense to the College. It is also evident that her manner in dealing with other employees suggested to these employees that the matter be kept private.

Dr. Johnson also had a pattern of abuse in the use of the College credit card. In February, 2002, a super card issued by PNC Bank was given to Dr. Johnson for use in travel and other necessities as her responsibilities dictated. However, the use of this card was strictly limited to College expenses. Dr. Johnson on many occasions used this credit card for personal items. Dr. Johnson through her attorney has offered into evidence many checks written to the School that clearly indicates that she used the credit card and reimbursed the School. This was in direct violation of the guidelines set forth in the use of this credit card. The evidence also shows by a preponderance that she used this credit card on many occasions and had to be reminded to repay the School instead of initiating repayment on her own. The evidence also shows that on at least three occasions the use of this credit card was for items that were personal in nature and not repaid to the School.

Dr. Johnson was well aware that her treatment of employees by abusive conversation thwarted any attempts of suggestions that employees under her would advise her or inform her that certain monies were owed by her to the College for unapproved use of this credit card.

The pattern and behavior of Dr. Johnson in the two items above clearly indicate that these activities constituted a hazard to the health, safety and well being of the College and its employees. Dr. Johnson's use of employees and materials amounted to thousands of dollars.

**A199**

Gary W. Aber, Esquire
David H. Williams, Esquire

Page 4
July 19, 2005

Dr. Johnson's actions as explained above clearly meet the requirements in Paragraph 3(d) of her employment contract signed by the College and Dr. Johnson on July 25, 1974.  In the judgment of the employer, any act that constitutes a reasonable hazard to the health, safety and well being of employer's agents, servants, employees or students is ground for termination for cause.  The College has met that burden.  It is the decision of the hearing officer that Dr. Johnson be terminated for cause.

Very truly yours,

Vincent A. Bifferato

/mem

A200