LAW OFFICES

# ABER, GOLDLUST, BAKER & OVER

(AN ASSOCIATION OF LAW PRACTICES)
702 KING STREET, SUITE 600
P.O. BOX 1675
WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDLUST, P.A.*
DARRELL J. BAKER, P.A.
SUSAN C. OVER, P.C.
SHAUNA T. HAGAN
SAAGAR B. SHAH

August 10, 2006

(302) 472-4900
TELECOPIER (302) 472-4920

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19899

RE: Johnson v. Delaware Technical & Community College, et.al.
C.A. No.: 05-157 (KAJ)

Dear Judge Jordan:

    I write to the Court pursuant to the provisions of L.R. 7.1.4, concerning the above-captioned matter. Briefing in this matter has now been completed. Pursuant to that rule the plaintiff would, if the Court believes it would be helpful, request oral argument. This request is made on the basis of the rather complicated factual and procedural history that underlines this litigation. In addition, as will be explained in the subsequent paragraphs of this letter, there are certain matters raised in the defendant's reply brief, which were not fully set out in the opening brief, to which the plaintiff wishes to reply.

    Accordingly, pursuant to the provisions of L.R. 7.1.2(c), the plaintiff would request the opportunity to file a sur reply brief. This Court may observe, the defendants' opening brief in support of their motion for summary judgment dealt only superficially with the underlying facts upon which the defendant based its decision to terminate the plaintiff. The factual portion of the defendants' opening brief described the facts of the procedural history. By contrast, the defendants' reply brief goes into great depth citing factually the basis for the termination of the plaintiff, and the plaintiff would like an opportunity to respond to those factual statements, as well as any legal arguments raised for the first time in the defendants' reply brief. With regards to this request, I have attempted to discuss this with defendants' lead counsel, but he is out of town on vacation, however, I have discussed it with his associate, who opposes this request.

The Honorable Kent A. Jordan, Esquire
August 10, 2006
Page Two

    Thank you for Your Honor's consideration.

                                          Respectfully,

                                          /s/ Gary W. Aber

                                          Gary W. Aber

GWA/mac
cc:    David H. Williams, Esquire
       James H. McMackin, III, Esquire