IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARGUERITE A. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-157 (KAJ) |
| v. | ) | |
| | ) | Trial By Jury Demanded |
| ORLANDO J. GEORGE, JR., | ) | |
| in both his official and personal | ) | |
| capacities, and DELAWARE | ) | |
| TECHNICAL AND COMMUNITY | ) | |
| COLLEGE, | ) | |
| | ) | |
| Defendants. | ) | |

## PROPOSED FINAL PRE-TRIAL ORDER

This matter comes before the Court at a final pretrial conference held pursuant to

Rule 16, Federal Rules of Civil Procedure.

**Plaintiff's Counsel:**

Gary W. Aber
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
Wilmington, DE 19801
(302) 472-4900
gaber@gablawde.com

**Defendants' Counsel:**

David H. Williams
James H. McMackin, III
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899-2306
(302) 888-6900
dwilliams@morrisjames.com

## I.     NATURE OF THE CASE

This is an action brought by the plaintiff Marguerite A. Johnson ("Johnson" or the "Plaintiff") under the provisions of 42 U.S.C. § 1983 asserting a claim of denial of due process of the Plaintiff's rights to a property interest in her employment, as well as for alleged retaliatory termination of the Plaintiff's employment for her exercising her First Amendment rights, brought against defendants Delaware Technical and Community College (the "College") and Orlando J. George, Jr. ("George," and collectively with the College, the "Defendants").

This is also a counterclaim brought by the College against the Plaintiff seeking restitution in an amount of $32,821, together with interest, for alleged misappropriation of College resources by the Plaintiff.

These issues are raised in the Plaintiff's Complaint (Dk. # 1), Defendant's Answer to the Complaint (Dk. # 4); Plaintiff's Supplemental Complaint (Dk. # 29) and the Defendant's Answer to the Supplemental Complaint (Dk #33). The College asserts a Counterclaim to this matter as shown in the Defendant's Answer the Supplemental Complaint (Dk. # 33) and the Plaintiff's Answer to the Counterclaim (Dk # 34).

## II.    JURISDICTION

Jurisdiction of the Court to consider the Plaintiff's claims is not disputed. The Complaint asserts claims under 42 U.S.C. § 1983 for deprivation of rights secured by the First and Fourteenth Amendment. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1343. Plaintiff also seeks a declaratory judgment against the Defendants. The jurisdictional basis for that claim is 28 U.S.C. § 2201. The jurisdiction of this Court to consider the College's counterclaim, under the Court's supplemental jurisdiction, 28 U.S.C. §1367, is disputed.

III.    **UNCONTROVERTED FACTS**

The following facts are not disputed or have been agreed to or stipulated to by the parties:

1.    On November 19, 2004, a meeting was held at the Terry Campus for department chairs and administrators to discuss reorganization of the College's technical network.

2.    The College is a state-wide institution of higher education with campuses in Wilmington, Stanton, Dover (the Terry Campus), and Georgetown.  The seven person Board of Trustees is the governing body of the College.

3.    The administrative hierarchy of the College consists of George, the President of the College, three Vice-Presidents who work in the Office of the President and have College-wide responsibility, and the three Campus Directors are also Vice-Presidents.

4.    Plaintiff was Vice-President and Campus Director of the Terry Campus in Dover.

5.    The President's Council consists of the President and the six Vice-Presidents.

6.    On November 19, 2004, a meeting was held at the Terry Campus for department chairs and administrators to discuss reorganization of the College's technical network.

7.    On December 9, 2004, the Plaintiff was offered the option of voluntarily retiring or being placed on paid administrative leave to permit the College to conduct an investigation of her.

8.    On January 3, 2005, the Plaintiff sent a letter to defendant, George.  (Complaint and Answer ¶¶ 31 and 32.)

9.    On January 3, 2005, the Plaintiff was placed on paid administrative leave effective January 3, 2005.

10.    On January 4, 2005, an announcement was made to Terry Campus employees announcing the placement of the Plaintiff on administrative leave.

11.    Shortly after the issuance of the public announcement on January 4, 2005 that Dr. Johnson was being placed on administrative leave, some furniture from her office was removed so that her replacement could occupy her office.  (Amended Complaint and Answer ¶37.)

12.    On February 16, 2005, the Plaintiff through her attorney supplied to the Defendants a copy of a draft complaint to be filed in this Court.

13.    Plaintiff's counsel did not have subpoena power prior to her termination.  (Amended Complaint and Answer ¶47.)

14.    From January 3, 2005 through July 19, 2005 Johnson received full salary and benefits.

15.    On April 27, 2005, the College provided Johnson's counsel with a notice of intent to terminate.

-3-

16.     On May 11, 2005, Vincent A. Bifferato, Sr. was appointed by the College as the Hearing Officer.

17.     Following a hearing, the hearing officer issued a decision on July 19, 2005.

## IV.     AGREED TO ISSUES OF LAW

1.      Whether the Plaintiff's speech was protected by the First Amendment.

2.      Whether Plaintiff received adequate due process before she was terminated.

3.      Whether the College's counterclaim is barred by the statute of limitations.

4.      Whether the Defendants may maintain an affirmative defense of mitigation of damages.  (*See* § IX(A) Trial Briefs)

5.      Whether the Plaintiff may call as witnesses David Williams, Esquire, and/or Brian Shirey, Esquire.

6.      The issues of law which the parties contend remain to be litigated are set forth in the brief submitted in support of and opposition to the Defendans' Motion for Summary Judgment.  The Defendants note the Plaintiff has voluntarily withdrawn her claim for emotional distress damages.

7.      Whether the Defendants have the burden of proving that the termination decision was not arbitrary and capricious.  (Plaintiff believes this issue is subsumed within number 2, above).

## V.   WITNESSES

### A.   List of witnesses the Plaintiff expects to call, including experts:

1.   Expert Witnesses

   (a)   Francis X. Tannian, Ph.D. (Plaintiff's Economist)

   (b)   Helen Benjamin, Ph.D. (liberty witness)

   (c)   Calvin Wilson, Ph.D. (liberty witness)

   (d)   Noel Ellison, Ph.D. (liberty witness)

   (e)   Patrick Liverpool (liberty witness)

   (f)   Carol Everhart (liberty witness)

JYM/007409-0131/1493391/1

       (g)    Calvin E. Woodland (liberty witness)

       (h)    David C. Craig (Delaware Pension Administrator)

       (i)    Alice T. Barlow (Transcriptionist)

       (j)    Stan Golden (Printer)

2.      Non-expert Witnesses

       (a)    The Honorable Vincent Bifferato

       (b)    Lauretta Cooper

       (c)    Shelby Crawford

       (d)    John Demby (hostile witness)

       (e)    Carol Dobson (hostile witness)

       (f)    David Dwyer (hostile witness)

       (g)    Joan Erhart (hostile witness)

       (h)    Nette Evans (hostile witness)

       (i)    Orlando George (hostile witness)

       (j)    Robert Hearn (hostile witness)

       (k)    Charlotte P. Lister (hostile witness)

       (l)    Gerald M. McNesby (hostile witness)

       (m)    Susan H. Molikan (hostile witness)

       (n)    Murray R. J. Pleasanton (hostile witness)

       (o)    Kathy Powell (hostile witness)

       (p)    Nancy J. Rockey (hostile witness)

       (q)    James Samans (hostile witness)

       (r)    Zareta Scott (hostile witness)

(s)   Peter D. Shoudy (hostile witness)

(t)   Daniel Simpson (hostile witness)

(u)   Connie M. Spampinapo (hostile witness)

(v)   Edwina Travers (hostile witness)

(w)   Christine M. Travis (hostile witness)

(x)   Patsy Kelly-Waters

(y)   Ruth Yanos (hostile witness)

(z)   David Williams

(aa)  Brian Shirey

(bb)  Harry Smith

Plaintiff reserves the right to call any witness named by Defendants in this matter.  Plaintiff reserves the right to call additional witnesses, including those listed on Defendants' witness list, for, among other things, rebuttal testimony.

**B.  List of Witnesses Defendants expect to call, including expert:**

1.      Expert Witnesses

David Dwyer

2.      Non-expert Witnesses

Marguerite A. Johnson
Orlando J. George, Jr.
Peter Shoudy
Gerard McNesby
Christine Travis
R. Ronald Draper
Dan Houghtaling
Connie Spampinato
Wilma Mishoe
John Buckley
Hope Murray
Dan Simpson
Kathy Powell
Cena Sweeney
Charlotte Lister
Robert Hearn

-6-

Sue Moliken
Fred Evins
Prudy Pearson
Jennifer Stumpf

Defendants reserve the right to call any witness named by Plaintiff in this matter.  Defendants reserve the right to call additional witnesses, including those listed on Plaintiff's witness list, for, among other things, rebuttal testimony.

### C.  Rebuttal Witnesses

Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

**VI.     EXHIBITS**

The parties submit their Pretrial Exhibit Stipulation appended hereto.

**VII.     DAMAGES**

The plaintiff claims economic damages in the amount of $740,450 as set out in the expert report of Francis Tannian, Ph.D.  In addition, the plaintiff claims the sum of $545,040 as a result of decreased pension benefits over a 15 year period based upon a decrease in pension benefits of $3,028.00, as reflected in a letter report of David C. Craig, Pension Administrator for the State of Delaware, as a result of her early termination prior to the normal retirement age of 62.

The College seeks in its counterclaim compensatory damages and interest.

**VIII.     BIFURCATED TRIAL**

The parties do not desire a bifurcated trial.

**IX.     TRIAL BRIEFS**

### A.  Plaintiff's Motion in Limine Requests

### 1(a). Inclusion of Defendant's Affirmative Defense of Mitigation of Damages.

Whether the defendants can argue that the plaintiff failed to mitigate her damages.

-7-

Mitigation of damages is an affirmative defense. The burden of proving an affirmative defense is always with the party asserting it. Where the defendants have failed to identify, submit, or proffer any evidence in support of its burden of proving its affirmative defense of failure to mitigate damages, they are not entitled to argue the plaintiff failed to mitigate her damages. Absent such evidence, the jury is left to speculate whether there were available jobs that the plaintiff could have obtained in mitigation of her damages from the loss of her employment. Robson v. Southeastern P.A. Transportation Authjority, Red Arrow Div., f982 F.2d 892, 897 (3d Cir. 1993); Anastasio v. Shearing Corp., 838 F.2d 703, 707-708 (3d Cir. 1988); Atlantic Limousine, Inc. v. NLRB. 246 F.3d 711, 721 (3d Cir. 2001); Broadnax v. City of New Haven, 515 F.3d 285 (2d Cir. 2005); Leidel v. Ameripride Serv. Inc., 276 F.Supp.2d 1138 (D.Kan. 2003); Gallo v. John Powell Chevrolet, Inc., 779 F.Supp. 804 N.D.P.A. 1991). Plaintiffs efforts at mitigation were hampered by her need to self-libel caused by the publicity of Defendants' allegations.

### 1(b)    Defendant's Response

Plaintiff's efforts at mitigation are not reasonable. The termination hearing was held in June 2005. From the date of her termination through the date of her deposition in February 2006, she applied for approximately six positions. Attempted mitigation of economic losses is required by a plaintiff seeking front-pay damages. *See Floyd v. Mellon Bank*, 1991 WL 30755 at *4 (E.D.PA. 1991)(front pay awards may be made "for a reasonable future period required for the victim to reestablish [his] rightful place in the job market"). Because Johnson did not reasonably attempt to mitigate her purported front-pay damages, she is not entitled to seek such damages. Therefore, the College is entitled to a judgment that Johnson cannot pursue front-pay damages.

**2(a)    Defendant's Counterclaim is Barred By the Statute of Limitations**

The defendant should be barred from making any arguments with regard to its counterclaim for reimbursement of costs concerning the alleged abuse of the defendants' resources by the plaintiff in connection with the 1999 family reunion. The statute of limitations under Delaware law for actions in the nature of a debt is three years is codified. 10 Del. C. § 8106. Moreover, Defendant cannot argue that the limitations period should have been tolled in this matter since there is no evidence of fraud or concealment, nor has the defendant pled fraud or concealment, as required by Rule 9(b), Federal Rules of Civil Procedure. Admiral Holding v. Town of Bowers, 2004 WL 2744581 (Del Super 2004) at ¶9. The limitations period may be tolled only where there are allegations of affirmative acts of concealment. Littman v. Prudential-HPCH Properties, Inc., 1984 WL 30529 (Del. Ch. 1994) at ¶3. Where a party seeks to toll a statute of limitations by alleging a fraud with intent to suspend the operation of the statute of limitation, it is required to plead with particularity the circumstances constituting the fraud. Halperin v. Arran, 313 A.2d 39 (Del. Ch 1973); Klein v. Lionel Corp., 130 Fed. Supp. 725 (D. Del. 1955).

**2(b)    The College's Response.**

The College's counterclaim for damages caused by the Plaintiff's misappropriation of College resources, related to her 1999 family reunion, are not barred by the statute of limitations. The statute of limitations is tolled when damages are inherently unknowable. *See Layton v. Allen*, 246 A.2d 794 (Del. 1968) ("when an inherently unknowable injury...has been suffered by one blamelessly ignorant of the act or omission and injury complained of, and the harmful effect thereof develops gradually over a period of time, the injury is 'sustained' ... when the harmful effect first manifests itself."); *see also Isaacson, Stolper & Co. v. Artisans' Savings Bank*, 330

A.2d 130 (Del. 1974) (applying *Layton* to an action against an accountant for failure to file a tax form). Plaintiff's threats and intimidation precluded staff members from disclosing Plaintiff's misconduct at an earlier time, thereby making her misconduct inherently unknowable to the College. Plaintiff's misconduct first became known to the College when she was placed on paid administrative leave in January 2005, at which time staff members freely disclosed Plaintiff's questionable financial activities. *See* George Dep. 95:18-96:19. It is reasonable to conclude Plaintiff's misconduct concerning the 1999 reunion materials was unknowable to the College for the same reason her financial improprieties were unknowable--because she threatened and intimidated staff members--and became knowable when Plaintiff was placed on paid administrative leave in January 2005. The College's counterclaim was asserted on September 29, 2005, nine months later, which is well within the three year limitations period set forth in 10 *Del. C.* § 8106.

3(a). **Plaintiff's Right to Question Witnesses Concerning Alleged Privileged Communications:** The defendant has asserted the affirmative defense of qualified immunity. As the Third Circuit Court of Appeals has recognized, Qualified Immunity is used to protect officials, who may, overstep Constitutional boundaries, but are nevertheless acting in objective good faith. Monteiro v. City of Elizabeth, 436 F.3d 397 (3d Cir. 2006). In order to claim protection of the "Qualified Immunity" doctrine, the defendants will have to demonstrate that they acted in reasonable good faith. Grunke v. Seip, 225 F.3d 290 (3d Cir. 2000).

It is well established that when a party asserts "Qualified Immunity" they waive the attorney client privilege. Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D. Wash. 1975); cited with approval, U.S. v. Blizerian, 926 F.2d 1285 (2d Cir. 1991); In Re: AT & T Access Charge Litigation, F.Supp.2d , 2006 WL 2587607 (D.NJ. 2006); Harter v. University of

-10-

Indianapolis, 5 F.Supp.2d 657 (S.D.Ind. 1998)(By pleading an affirmation defense of good faith qualified immunity, defendants implicitly waive privilege as to legal advice provided by the defendant's attorneys, Mr. Williams and/or Mr. Shirey.

The defendants have put the issue of the independence of David Williams, in the investigation, at issue. The defendant, George, has testified that in the investigation of the plaintiff, after she was placed on administrative leave, he sought out and used an "...arm's length independent..."counsel to investigate the plaintiff (Hearing: T- 45). The defendant, having asserted that the use of Mr. Williams was the retention of an independent, unbiased counsel, has put that independence and lack of interest of Mr. Williams "at Issue", and the plaintiff is entitled to test such assertions through examination of the defendant and Mr. Williams. *Praxair, Inc. v. ATML, Inc.* 445 F.Supp.2d 473, 480-481 (D.Del. 2006); *Synalloy Corp. v. Gray* 142 S.R.D. 266, 270 (D.Del. 1992).

   **3(b).   Defendant's Response**

The Defendants have raised concerns regarding the timeliness and appropriateness of identifying Mr. Williams as a witness. The Defendants' position on this issue, as well as identifying Judge Bifferato as a witness, is set forth in the December 4, 2006 letter attached and incorporated by reference.

(Plaintiff's response by letter dated December 8, 2006 is also attached and incorporated by reference).

**B.    Defendant's Motions In Limine Requests.**

   **1(a).   Plaintiff Cannot Designate Witnesses As Hostile Witnesses.**

Defendants object to a pretrial determination that witnesses identified by Plaintiff may be identified as a "hostile witness" pursuant to Fed. R. Evid. 611(C). Such a designation must be

JYM/007409-0131/1493391/1

based upon a demonstration that the witness' demeanor in response to nonleading questions reveals the witness is biased against the direct examiner, his client, or both. The ruling is properly made based upon an evaluation of the witness' in-court demeanor.

### 1(b).    Plaintiff's Response

The witnesses as which the defendant has designated as hostile witnesses are all present employees of the Defendant, Del Tech, and/or managerial witnesses with a demonstrated interest in terminating and maintaining the termination of the plaintiff, Marguerite Johnson.

### 2(a).    Plaintiff's "Expert" Witnesses Are Not Experts.

Defendants object to the Plaintiff's designation of the following persons as expert witnesses: Helen Benjamin, Ph.D.; Calvin Wilson, Ph.D.; Noel Ellison, Ph.D.; Patrick Liverpool Carol Everhart; Calvin E. Woodland; David C. Craig; Alice T. Barlow; Stan Golden ("Plaintiff's Experts"). Plaintiff failed to comply with the requirements of Federal Rule of Civil Procedure 26 ("Rule 26"). First, Plaintiff failed to comply with the supplementation requirement of Rule 26(e). Defendants' First Set of Interrogatories sought the identity of experts Plaintiff had reason to believe she would call as a witness. At no time prior to the close of discovery did Plaintiff identify Benjamin, Wilson or Craig as expert witnesses. Pursuant to the Second Amended Scheduling Order dated March 3, 2006, the Court ordered the discovery cut-off to be May 15, 2006. The Plaintiff did not purport to identify Benjamin, Wilson or Craig until November 22, 2006, after the close of discovery. Therefore, Benjamin, Wilson and Craig should not be permitted to testify as experts because Plaintiff failed to comply with Rule 26(e). *See* Rule 26(e) ("A party who has...responded to a request for discovery... is under a duty to supplement or correct the disclosure...").

-12-

Plaintiff also wholly ignores the requirement in Rule 26(a)(2)(B) that a party offering a witness as an expert must produce an expert report. Specifically, Rule 26(a)(2)(B) provides that the report shall contain "a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." The Court ordered expert reports to be exchanged 90 days before the close of discovery (90 days before May 15, 2006). The Plaintiff did not produce an expert report for the Plaintiff's Experts. Therefore, the Plaintiff's Experts should not be offered as experts. *See Combs v. School Dist. of Philadelphia*, 32. Fed.Appx. 653 (3rd Cir. 2002) (affirming the District Court's preclusion of a purported expert as a result of, *inter alia*, failure to comply with Rule 26's disclosure requirements).

### 2(b)    Plaintiff's Response

The experts identified as Benjamin, Wilson, Ellison, Liverpool, Everhart, Woodland, Craig, were identified as witnesses who would testify as to the damage to the plaintiff's reputation, in support of her claim of the "Liberty Interest" asserted by her. These witnesses will testify as to the damage of her reputation. Letters concerning their beliefs were forwarded to the defendants on or about November 22, 2005 (2 letters) and November 28, 2005).

With regards to Barlow and Golden, those are witnesses who would testify, not as retained experts, as defined in Rule 26(2)(B), *Federal Rules of Civil Procedure*. Alice T. Barlow

-13-

is a transcriptionist who has provided an affidavit in this matter as to the nature and extent of her testimony concerning the time, effort, and cost in preparing documents, upon which the defendants' base their counterclaim and which they use to support their claim that the plaintiff inappropriately used college resources. Since she is not a "professional" witness, the idea of preparing a report, such as an engineer, physician, or other type of "litigation expert" would be familiar with, is foreign to her. She has provided an affidavit, which provides the nature and extent of her testimony, forwarded on February 23, 2006. Similarly, Stan Golden, is a printer by trade. He has never before been involved in litigation, let alone having been retained as an expert witness. The idea of him preparing a report was foreign, and when asked to do so was without any comprehension of what was being requested. However, the defendants were furnished a detailed letter outlining the nature and scope of his testimony on February 14, 2006. Copies of all of these letters and affidavit, will be presented to the Court at the pretrial, or as requested by the Court.

The defendant has been fully apprised with regard to each witness, the nature of their testimony, the basis of their opinions, and the facts upon which those opinions are based. The argument that such information was not furnished in the form of a report does not support any claim of prejudice.

### 3(a) Johnson's obligation to pay expert fees.

Johnson is required to compensate the Santora accounting firm for the time David Dwyer spent preparing for and attending his deposition (i.e. $2,153.00). *See* Rule 26(b)(4)(c); and *Fisher v. Accor Hotels, Inc.*, 2004 WL 73727 (E.D. Pa).

### 3(b) <u>Plaintiff's Response:</u>

The plaintiff either has, or is fully willing to compensate the defendants' expert accountant, David Dwyer, at his usual hourly billing rate.  The plaintiff is not obligated to compensate the expert witnesses for the time spent attending the defendants' deposition, that is, the time spent to prepare for the deposition.  An expert witness is entitled to compensation for the time "...he spent under oath..." *Goldwater v. Postmaster General of U.S.*, 136 F.R.D. 337 (D.Conn. 1991); *McBrian, Inc. v. Liebert Corp.*, 173 F.R.D. 491 (N.D.Ill. 1997)(holding that expert deposition preparation time is not compensable except in complex cases).   Even those cases which permit compensation for an expert witness in preparing for a deposition, require a division between the time the expert spent preparing himself for deposition, and the time the expert spent preparing the attorney who retained him. *New York v. Sullivan Chemical Co., Inc.*, 210 F.R.D. 462, 471 (W.D.N.Y. 2002); see also *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 154 F.R.D. 212, 214 (E.D.Wis. 1994).

## X.  LIMITATIONS, RESERVATIONS AND OTHER MATTERS

### A.  Length of Trial.

The probable length of trial is five (5) days.

### B.  Number of Jurors.

There shall be six (6) jurors and two (2) alternate jurors.

### C.  Jury Voir Dire.

The Court will conduct voir dire.  The parties are to submit voir dire questions on or before January 5, 2007.

JYM/007409-0131/1493391/1

**IT IS SO ORDERED**, this _____ day of _____ , 2006.

_____
**KENT A. JORDAN**
**UNITED STATES DISTRICT JUDGE**

APPROVED AS TO FORM AND SUBSTANCE:

_____
Gary W. Aber, Attorney for Plaintiff
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE  19899
(302) 472-4900

*Counsel for Plaintiff*
*Marguerite A. Johnson*

_____
David H. Williams (#616)
James H. McMackin, III (#4284)
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899-2306
(302) 888-6900/5849

*Counsel for Defendants*
*ORLANDO J. GEORGE, JR.,*
*In both his official and personal*
*capacities, and DELAWARE*
*TECHNICAL AND COMMUNITY*
*COLLEGE*

-16-

Exhibits

1.        The following exhibits were offered by plaintiff, received in evidence and marked as indicated:

PX-1    Marguerite A. Johnson Resume

PX-2    November 19, 2004 Meeting Minutes

PX-3    Craft Show Lt (B34)

PX-4    George Lt 12/8/04 (B-46); Johnson Lt to George (B-48).

PX-5    Administrative Leave Announcement (George depo Ex.5)

PX-6    Administrative Announcement ending Johnson's employment (B52).

PX-7    Newspaper article concerning Johnson termination (B-56).
           **Objection** on the ground that newspaper articles are hearsay.  FRE 802

PX-8    Marguerite Johnson travel forms  (B155; B156)

PX-9    Simpson/Hope list of witnesses to be interviewed (B59)

PX-10   George Lt to Del Tech employees: 3//23/05 (George depo Ex. No. 8).

           **Objection** to the extent the description of the document suggests the document was sent to all College employees.

PX-11   George memo to Johnson (B50)

PX-12   Memos to McNesby:  4/15/04 (McNesby Depo Ex. 16 and 17)

           **Objection.**  Hearsay.  FRE 802

PX-13   Aber Lt to George 1/4/05 (George depo Ex No. 7)
           **Objection** to the extent the letter is offered as a statement of Plaintiff's counsel's legal conclusions concerning Plaintiff's constitutional rights.

PX-14   Williams Lt. to Aber: 2/15/06

PX-15   Aber Lt to Williams: 2/16/05 (George Depo. Ex. No. 9)

-17-

**Objection** to the extent the letter is offered as a statement of Plaintiff's counsel's legal conclusions concerning Plaintiff's constitutional rights.

**Further objection** to the extent the letter is offered as evidence of an attempt to compromise a dispute. FRE 408.

PX-16 Williams Lt to Aber: 2/16/05 (George Depo. Ex. No. 6)

**Objection** to the extent the letter is offered as evidence of an attempt to compromise a dispute. FRE 408.

PX-17 Aber Lt to Williams: 2/18/05

PX-18 Aber Lt. to Williams: 3/7/05 (George Depo Ex. No. 10)

**Objection** to the extent the letter is offered as evidence of an attempt to compromise a dispute. FRE 408.

PX-19 Williams Lt. to Aber: 3/16/05

PX-20 Aber Lt from Williams: 4/27/05 (George Depo Ex. No. 13)

PX-21 Aber Lt to Williams: 5/5/05

PX-22 Williams Lt to Aber: 5/6/05

PX-23 Aber Lt to Williams: 6/8/05 (George depo Ex. No. 18)

**Objection** to the extent it purports to establish that individuals were told Johnson "no longer works here," as such statement is hearsay.

**Objection** to the extent the letter is offered as a statement of Plaintiff's counsel's legal conclusions concerning Plaintiff's constitutional rights.

PX-24 Aber Lt to Williams: 6/10/05

PX-25 Aber Lt. to Williams: 6/14/05 (George depo Ex. No. 17)

**Objection** to the extent the letter is offered as a statement of Plaintiff's counsel's legal conclusions concerning Plaintiff's constitutional rights.

PX-26 Aber Lt to Williams: 6/20/05

**Objection** to the extent the letter is offered as a statement of Plaintiff's counsel's legal conclusions concerning Plaintiff's constitutional rights.

PX-27 Williams Lt to Aber: 6/7/05

**Objection** to the extent the letter is offered as a statement of Plaintiff's

JYM/007409-0131/1493391/1

counsel's legal conclusions concerning Plaintiff's constitutional rights.

PX-28  Aber Lt to Williams:  6/20/05

**Objection** to the extent the letter is offered as a statement of Plaintiff's counsel's legal conclusions concerning Plaintiff's constitutional rights.

PX-29  Williams Lt to Aber:  6/22/05

PX-30  Aber Lt to Williams:  6/23/05

PX-31  Aber Lt to Williams:  6/24/05

PX-31  Williams Lt to Aber:  6/27/05

PX-32  Williams Lt to Aber:  6/28/05

PX-33  Del Tech Personnel Policy Manual (excerpts).

**Objection reserved,** until excerpts are identified.

PX-34  Grievance Committee Lt (4/8/05) (B122)

**Objection.** Relevance.  FRE 402.

PX-35  Del Tech Terry Campus travel policy

PX-36  Del Tech Super Card guidelines

PX-37  Memo (Susan Molikan Depo. Ex No. 1)

**Objection.** Relevance.  FRE 402.

**Objection.** Authenticity.  FRE 901.

PX-38  Marguerite A. Johnson contract  (B129-132)

PX-39  Shirey Lt. to Bifferato , 5/11/05 (B-136)

PX-40  Murray to Dabson:  2/1/95 (Murray depo Ex. No. 1)

PX-41  Del Tech Community College invoice and check (Dwyer Ex. No. 7)

PX-42  Memo:  E-mail Howell to Dwyer 4/7/05 (Dwyer Ex. No. 8 )

PX-43  GRID invoices and check (Pleasanton depo Ex. No. 1)

JYM/007409-0131/1493391/1

PX-44 Johnson check to Travis (Travis depo Ex. No. 1)

PX-45 Johnson checks to Del Tech (B138-139;141-142, McNesby Depo. 18)

PX-46 Travel requests:  Tim Kavel:  2/7/00 (McNesby depo Ex. No. 1)

PX-47 Travel requests:  Tim Kavel:  2/14/01 (McNesby depo Ex. No. 2)

PX-48 Travel requests:  Tim Kavel:  4/22/02 (McNesby depo Ex. No. 3)

PX-49 Travel requests:  Marguerite Johnson:  12/7/03 (McNesby depo Ex. No. 4)

PX-50 Travel requests:  Marguerite Johnson:  4/22/04 (McNesby depo Ex. No. 5)

PX-51 Wake College travel receipts:  (Simpson depo Ex. No. 4)

PX-52 West Virginia credit card receipts (Dwyer depo Ex. No. 12)

PX-53 E-mails/memos re credit card and travel charges (Powell Ex. No. 10 & McNesby Ex. Nos. 6-8)

PX-54 Memo:  Johnson to McNesby:  11/25/03 (Dwyer Ex. No. 11)

PX-55 Memo:  November 19 re Department Chair meeting (Shoudy Ex. No. 4)

PX-56 E-mail: Travis to Dwyer:  8/4-8/05 (Dwyer Ex. No. 4)

PX-57 Santora, Baffone:  Engagement letter (Dwyer Ex. No. 3)

PX-58 American Institute of Certified Public Accountant Standards, (B186)

PX-59 Dwyer memo to file 3/24/05 (DTCCO 2070)

PX-60 Dwyer memo to file 3/28/05 (DTCCO 2078)

PX-59 Dwyer memo to file 3/24/05 (DTCCO 2079)

PX-60 Dwyer memo to file 3/31/05 (DTCCO 2083)

PX-61 Del Tech Evaluations of Marguerite A. Johnson, Ph.D. (B-215,etc.)

PX-62 Del Tech Evaluations of Daniel A. Houghtaling (B-275)

PX-63 Del Tech Evaluations of Daniel L. Simpson (B-288)

PX-64  SERPS:  Daniel L. Simpson's calendars (B-310)

PX-65  Defendant's Answers to Plaintiff's Interrogatories (excerpts)

      **Objection reserved,** until excerpts are identified.

PX-66  Defendant's Answers to Plaintiff's Third Set of Interrogatories (excerpts)

      **Objection reserved,** until excerpts are identified.

PX-67  Invoice for reunion invoice (Ex. No. 13/ DTCC 0175)

PX-68  Reunion receipts in payment (Ex. No. 14)

PX-69  Telephone time records (Ex. No. 19)

PX-70  IACLEA study (excerpts) (DTCC0679,etc.)

PX-71  PNC R Reimbursements (Exs. 30-33)

PX-72  Covers of West Virginia Books (Ex. No. 35)

PX-73  George Lts: to Johnson re Bonuses (DTCC 667-676)

PX-74  Employment rejection letters.

      **Objection.**  Relevance.  Rule 402.

PX-75  Newspaper articles re Johnson termination investigation.

      **Objection** on the ground the newspaper articles are hearsay. FRE 802.

PX-76  Williams interview schedule, DTCC 4161

PX-77  New Castle/Carolina car and hotel charges

PX-78  Withdrawn.

PX-79  Office of Auditor of Accounts:  Super Card audit:  6/30/05 (excerpts)

      **Objection reserved,** until excerpts are identified.

PX-80  Del Tech "candy bar" wrapper.

      **Objection** on the ground this document was not produced during discovery, and is thus offered now in violation of Rules 26 and 34.

**Further objection**. Relevance. FRE 402.

PX-81  Wyndom Garden Hotel room reservation report

PX-82  Copies of reunion materials (excerpts)

      **Objection reserved,** until excerpts are identified.

PX-83  Computer search:  "Sambo books"

      **Objection** on the ground these documents were not produced during discovery, and are thus offered now in violation of Rules 26 and 34. (for independent purposes)

    **This evidence is being used for impeachment and rebuttal.**

      **Objection.** Hearsay. FRE 802.
      **Further objection.** Relevance. FRE 402.

PX-84  "Spotlight on ED" (Delaware Learning Research System)

      **Objection** on the ground these documents were not produced during discovery, and are thus offered now in violation of Rules 26 and 34 (for independent purposes).

    **This evidence is being used for impeachment and rebuttal.**

      **Objection.** Hearsay. FRE 802.
      **Further objection.** Relevance. FRE 402.

PX-85  Receipts and invoices for remodeling Johnson office (DTCC 4133 & 4134)

PX-86  Charlotte Lister's Del Tech evaluations (DTCC2640-2934)

PX-87  Susan Molikan's Del Tech evaluations (DTCC2640-2934)

PX-88  Powell's personal reimbursement for (DTCC 1291)

PX-89  Excerpts from Defendants' Answer to Supplemental Complaint.
      **Objection reserved,** until excerpts are identified.

PX-90  Excerpts from Defendants' Answers to Interrogatories.
      **Objection reserved,** until excerpts are identified.


Plaintiff's reserve the right to introduce into evidence in their case any exhibit listed by Defendant.  Additional exhibits not listed above may be offered for rebuttal purposes with the Court's permission.  Plaintiff reserve the right to use blow-ups for any demonstrative exhibit

admitted into evidence by the Court, with prior notice to defendants' counsel.  Plaintiff reserve the right to lodge with the Court the Defendant's deposition transcripts (and exhibits thereto) and Defendants' written discovery responses, with prior notice to defendants' counsel.

    2.        The following exhibits are offered by Plaintiff and marked for identification.

Defendants' Exhibits:

| Defendants' Exhibit Number | Description | Plaintiff's Basis for Objection | Defendant's Response to Objection |
|---|---|---|---|
| DX. 1 | Plaintiff's answers and supplemental answers to Defendants' interrogatories. | F.R.E. 401, 402, 403 | |
| DX. 2 | Rules of Procedure for the Conduct of Termination Proceedings (Ex. 2 to termination hearing) | | |
| DX. 3 | Materials relating to 1999 reunion (DTCC0048-133; DTCC 1889; DTCC0134-0191) | | |
| DX. 4 | Index of documents created by Kathy Powell relating to 1999 reunion (DTCC2047-2049) | | |
| DX. 5 | Prudy Pearson's calendar for June, 1999 (DTCC1940) | | |
| DX. 6 | Cost of Dr. Johnson's use of College employees for personal business – material costs (DTCC1932) | F.R.E. 401, 402, 403, based on false testimony (under *Daubert*) | |
| DX. 7 | Cost of Dr. Johnson's use of employees for personal business – personnel costs (DTCC1935) | F.R.E. 401, 402, 403, based on false testimony (under *Daubert*) | |
| DX. 8 | Reimbursement from Dr. Johnson (DTCC2045-2046) | | |

| DX. 9 | Terry Campus Marketing Department Request Form dated May 12,1998 (DTCC2041-2042) | | |
|---|---|---|---|
| DX. 10 | Terry Campus Marketing Department Request Form for 1998 graduation Celebration (DTCC2038-2040) | | |
| DX. 11 | Miscellaneous personal work for Dr. Johnson (DTCC0251-0252; DTCC 0267; DTCC2086; DTCC0303-0370; DTCC 1724; DTCC1733; DTCC 1760-1785) | F.R.E.    401,    402, 403 | |
| DX. 12 | 2001-2002 family reunion materials (DTCC0192; DTCC 0268-0285; DTCC 0250-0258; DTCC0265; DTCC1787-1793; DTCC 1859-1884; DTCC1801-1820; DTCC1844-1854) | | |
| DX. 13 | List of documents relating to personal work for Dr. Johnson (DTCC2050-2053) | | |
| DX. 14 | Cost of Dr. Johnson's use of College employees for personal business/Kathy Powell's time and costs (DTCC1909) | | |
| DX. 15 | Travel Request Form dated October 21, 2002 (DTCC0032-0033; DTCC 2125; DTCC2127; DTCC 2129) | | |
| DX. 16 | Three days salary and benefit cost for Dr. Johnson as of October, 2002 (DTCC2037) | | |
| DX. 17 | Agreement and Authorization from individual requesting a PNC Visa card (DTCC2133; | | |

JYM/007409-0131/1493391/1

| | | | |
|---|---|---|---|
| | DTCC2136-2138) | | |
| DX. 18 | The Black Sambo books will be offered into evidence at trial | | |
| DX. 19 | PNC Statement dated October 28, 2002 with receipts from Three Castle Antiques (DTCC 0376-0378) | | |
| DX. 20 | E-mail from Dr. Johnson to Prudy Pearson dated January 13, 2003 (DTCC2043) | | |
| DX. 21 | Prudy Pearson calendar for January, 2003 (DTCC2044) | | |
| DX. 22 | Personnel Policy Manual (DTCC2203-2286) | | |
| DX. 23 | Letter from Vincent A. Bifferato dated July 19, 2005 to Gary W. Aber and David H. Williams | F.R.E. 401, 402, 403, duplication | Waived by Plaintiff by putting impartiality and independence of Judge Bifferato at issue. Also, relevant to procedural and substantive due process claims. |
| DX. 24 | Section 12.02 Pre-Termination of Employment Procedures as set forth in the DTCC Administrators' Personnel Handbook | | |
| DX. 25 | Letter from David H. Williams dated March 7, 2005 to Gary W. Aber | F.R.E. 401, 402, 408 | Responsive to PX 17 |
| DX. 26 | Letter from David H. Williams dated April 15, 2005 to Gary W. Aber attaching Santora Baffone Report | | |
| DX. 27 | Letter from David H. Williams dated April 20, 2005 to Gary W. Aber | | |
| DX. 28 | Letter from David H. | | |

JYM/007409-0131/1493391/1

| | | | |
|---|---|---|---|
| | Williams dated May 5, 2005 to Gary W. Aber | | |
| DX. 29 | Letter from David H. Williams dated May 6, 2005 to Gary W. Aber | | |
| DX. 30 | Letter from David H. Williams dated June 17, 2005 to Gary W. Aber attaching Privilege Log | | |
| DX. 31 | Letter from David H. Williams dated June 17, 2005 to Gary W. Aber identifying witnesses | F.R.E. 401, 402, 403 | Relevant to procedural due process claims. |
| DX. 32 | Letter from David H. Williams dated June 17, 2005 to Gary W. Aber re: request identification of witnesses | | |
| DX. 33 | Letter from David H. Williams dated June 22, 2005 to Gary W. Aber regarding due process | | |
| DX. 34 | Letter from David H. Williams dated June 22, 2005 to Gary W. Aber regarding document production | | |
| DX. 35 | Letter from David H. Williams dated June 22, 2005 to Gary W. Aber regarding retaliation | | |
| DX. 36 | Letter from David H. Williams dated June 27, 2005 to Gary W. Aber enclosing the College's exhibits | | |
| DX. 37 | Letter from David H. Williams dated June 27, 2005 to Gary W. Aber regarding scope of termination hearing | | |
| DX. 38 | Letter from David H. Williams dated June 27, 2005 to Gary W. Aber re: Carol Himes | F.R.E. 401, 402, 403 | Relevant to procedural due process claims. |
| DX. 39 | Letter from Orlando J. | F.R.E. 401, 402, | Relevant to First |

| | | | |
|---|---|---|---|
| | George, Jr. dated November 26, 2002 to Marguerite M. Johnson attaching letter to Craig Eliassen from "A Concerned DelTech Employee" | 403 | Amendment retaliation claim. |
| DX. 40 | Letter from Marguerite M. Johnson dated December 2, 2002 to Orlando J. George Jr. | F.R.E. 401, 402, 403 | Relevant to First Amendment retaliation claim. |
| DX. 41 | Letter from Orlando J. George, Jr. dated December 4, 2002 to Marguerite M. Johnson | F.R.E. 401, 402, 403 | Relevant to First Amendment retaliation claim. |
| DX. 42 | Letter from Marguerite M. Johnson dated December 11, 2002 from to Orland J. George, Jr. | F.R.E. 401, 402, 403 | Relevant to First Amendment retaliation claim. |
| DX. 43 | Letter from Orlando J. George, Jr. dated December 17, 2002 to Marguerite M. Johnson | F.R.E. 401, 402, 403 | Relevant to First Amendment retaliation claim. |
| DX. 44 | Memorandum from Orlando J. George, Jr. dated December 17, 2002 to Marguerite M. Johnson | F.R.E. 401, 402, 403 | Relevant to First Amendment retaliation claim. |
| DX. 45 | Letter from Marguerite M. Johnson dated December 18, 2002 to Orlando J. George, Jr. | F.R.E. 401, 402, 403 | Relevant to First Amendment retaliation claim. |
| DX. 46 | Letter from Orlando J. George, Jr. dated January 23, 2003 to Marguerite M. Johnson | F.R.E. 401, 402, 403 | Relevant to First Amendment retaliation claim. |
| DX. 47 | Application for Employment of Marguerite A. Johnson as attached to Defendants' Second Set of Interrogatories Directed to Plaintiff | F.R.E. 401, 402, 403 | Relevant to mitigation defense. |
| DX. 48 | Payroll Documents as attached to Answers to Defendants' Second Set of Interrogatories | F.R.E. 401, 402, 403 | Relevant to mitigation defense. |

-27-

| | | | |
|---|---|---|---|
| | Director to Plaintiff | | |
| DX. 49 | Information Regarding Respect, Incorporated (DTCC388-397) | F.R.E. 401, 402, 403 | Relevant to First Amendment retaliation claim. |
| DX. 50 | Transcript of Dr. Marguerite Johnson Termination Hearing (Appended to the Reply Brief on Summary Judgment) | F.R.E. 401, 402, 403, 801, 802, 803 | Relevant to procedural and substantive due process claims. Also, this is sworn testimony for impeachment. |
| DX. 51 | Letter to David H. Williams dated June 15, 2005 from Gary W. Aber | | |
| DX. 52 | Letter from David H. Williams dated April 27, 2005 to Gary W. Aber | | |
| DX. 53 | Delaware Technical and Community College Employee Master Contract (DTCC0379) | | |
| DX. 54 | April 12, 2006 Santora Baffone Report | F.R.E. 401, 402, 403 | Relevant to procedural and substantive due process claims. |
| DX. 55 | Letter from R. Ronald Draper dated October 20, 2005 to Gerard M. McNesby (Audit Report) | F.R.E. 401, 402, 403 | Relevant to procedural and substantive due process claims. |
| DX. 56 | Letter from Gerard M. McNesby dated November 4, 2005 to R. Ronald Draper (A210-211) | F.R.E. 401, 402, 403 | Relevant to procedural and substantive due process claims. |
| DX. 57 | Letter from R. Ronald Draper dated November 10, 2005 to Gerard M. McNesby (Audit Report) (A212-216) | F.R.E. 401, 402, 403 | Relevant to procedural and substantive due process claims. |
| DX. 58 | Letter from David H. Williams dated June 8, 2005 to Gary W. Aber | F.R.E. 401, 402, 403 | Relevant to procedural due process claim. |
| DX. 59 | Letter from David H. Williams dated June 13, 2005 to Gary W. Aber | F.R.E. 401, 402, 403 | Relevant to procedural due process claim. |
| DX. 60 | Letters from David H. | F.R.E. 401, 402, | Relevant to |

| | | | |
|---|---|---|---|
| | Williams dated June 15, 2005 to Gary W. Aber | 403 | procedural due process claim. |
| DX. 61 | Letter from David H. Williams dated June 17, 2005 to Gary W. Aber | | |
| DX. 62 | Letter from David H. Williams dated June 20, 2005 to Gary W. Aber enclosing Bates DTCC 2288-2934 | F.R.E. 401, 402, 403 | Relevant to procedural due process claim. |
| DX. 63 | Letter from David H. Williams dated June 20, 2005 to Gary W. Aber attaching CD of Dr. Johnson's outgoing correspondence | F.R.E. 401, 402, 403 | Relevant to procedural due process claim. |
| DX. 64 | Letter dated January 24, 2006 from Vincent A. Bifferato to Gary A. Aber and David H. Williams | F.R.E. 401, 402, 403 | Relevant to procedural due process claim. |
| DX. 65 | Letters from Janet A. McVey dated June 23, 2005 to Gary W. Aber | F.R.E. 401, 402, 403 | Relevant to procedural due process claim. |
| DX. 66 | Letter from Janet A. McVey dated June 24, 2005 to Gary W. Aber | F.R.E. 401, 402, 403 | Relevant to procedural due process claim. |
| DX. 67 | Letter dated February 17, 2006 from David H. Williams to Vincent A. Bifferato | F.R.E. 401, 402, 403 | Relevant to procedural due process claim. |
| DX. 68 | Letters from David H. Williams dated June 28, 2005 to Gary W. Aber | | |
| DX. 69 | Letters from Janet A. McVey dated June 28, 2005 to Gary W. Aber | F.R.E. 401, 402, 403 | Relevant to procedural due process claim. |
| DX. 70 | Letter from David H. Williams dated February 18, 2005 to Gary W. Aber | | |

Defendants reserve the right to introduce into evidence in their case any exhibit listed by Plaintiff. Additional exhibits not listed above may be offered for rebuttal purposes with the Court's permission. Defendants reserve the right to use blow-ups for any demonstrative exhibit admitted into evidence by the Court, with prior notice to plaintiff's counsel. Defendants reserve

the right to lodge with the Court the Plaintiff's deposition transcripts (and exhibits thereto) and Plaintiff's written discovery responses, with prior notice to plaintiff's counsel.

JYM/007409-0131/1493391/1

# Morris James LLP

DEC - 5 2006

David H. Williams
302.888.6900
dwilliams@morrisjames.com

December 4, 2006

**HAND DELIVERY**

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
Wilmington, DE 19899-1675

RE:    *Marguerite Johnson v. Delaware Technical & Community College, et al.*

Dear Gary:

This will confirm our November 30, 2006 telephone conversation.

We are troubled by the fact that you identified me and Brian Shirey as witnesses for the first time a week after the pretrial order was due (i.e. November 27, 2006). This late identification is particularly troubling given the fact that you raised the issue of attorney-client privilege in April of 2006, but ultimately decided not to pursue your effort to secure my work product protected by the attorney-client privilege. Furthermore, if it is determined at this late date that I must be a witness, it seems to me the College will have to secure new counsel. In my view, it is inappropriate for me to serve as an advocate and witness in the same proceeding. If the College is forced to retain new counsel, it will suffer prejudice and the trial will have to be delayed. The disadvantage and expense of securing new counsel at this late date will be extremely expensive, and unfair. Obviously, we will have to discuss this issue at the pretrial conference.

I am also troubled by your identification of Judge Bifferato as a witness, coupled with your identification of exhibits suggesting there may be an attack upon Judge Bifferato's impartiality. You agreed that the Defendants reserve the right to call a character witness in the event that you, in our judgment, present your case in a way which impugns Judge Bifferato's independence and partiality. You agreed that if, following our discussion at the pretrial conference, we continued to be concerned about such an attack, we may add a character witness such as former Chief Justice Veasey or former Justice Walsh. Hopefully, we will find a way to avoid the necessity of calling such character witnesses.

Sincerely,

David H. Williams

DHW/jam
cc: Brian Shirey, Esquire
1490470/1

500 Delaware Avenue, Suite 1500 | Wilmington, DE 19801-1494   T 302.888.6800   F 302.571.1750
Mailing Address   P.O. Box 2306 | Wilmington, DE 19899-2306   www.morrisjames.com

LAW OFFICES

# ABER, GOLDLUST, BAKER & OVER

(AN ASSOCIATION OF LAW PRACTICES)
702 KING STREET, SUITE 600
P.O. BOX 1675
WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDLUST, P.A.*
DARRELL J. BAKER, P.A.
SUSAN C. OVER, P.C.
SHAUNA T. HAGAN
SAAGAR B. SHAH

December 7, 2006

(302) 472-4900
TELECOPIER (302) 472-4920

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

**HAND DELIVER**
David H. Williams, Esquire
Morris, James, Hitchens & Williams, LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899

RE: Marguerite M. Johnson

Dear David:

I am responding to your letter of December 4, 2006.

Turning first to the issue of listing you and Brian Shirey as witnesses. I believe that a disqualification is required only when a party intends to offer testimony from its counsel. In that case, there is an obvious conflict. However, it is my understanding, within the scope of Rule 3.7, Delaware Rules of Professional Conduct, that an attorney who is called as a witness by an opposing party is not automatically disqualified. Thus, there is no need for you to suggest a disqualification in this matter. As you stated in your letter, you have known since April 2006, that I believed that you would be a witness in this matter. The fact that I did not pursue taking your deposition does not mean that I have waived that position. I believe the legal issues are presented fairly for the Court to consider in the Pretrial Stipulation, in Section IX (A)(3)(a).

With regards to the issues concerning Judge Bifferato. As I explained to you on the phone, Judge Bifferato is not being called to suggest that he was partial to one side or the other. There will be no attack on Judge Bifferato suggesting that he was biased. This does not prevent me from making other arguments, such as, that the school attempted to use as a hearing officer someone that they thought would be favorably disposed to them, and/or, that Judge Bifferato's decision was erroneous because of the false and/or incomplete information that was provided to him at the hearing. Nevertheless, I stand by my prior representation, that if we do not resolve these issues, and my questioning impugns Judge Bifferato's impartiality, from his point of view, then I will have no objection to defendants calling character witnesses. Hopefully,

David H. Williams, Esquire
December 7, 2006
Page Two

this makes the issue more clear and obviates the need for a discussion of Judge Bifferato's
character.

Yours very truly,

Gary W. Aber

GWA/mac
cc:    Dr. Marguerite Johnson