IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARGUERITE A. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-157-MPT |
| | ) | |
| ORLANDO J. GEORGE, JR., in both his official and personal capacities, and DELAWARE TECHNICAL AND COMMUNITY COLLEGE, | ) ) ) ) | Trial By Jury Demanded |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S SUR REPLY BRIEF**

For the following reasons, the Defendants move to strike the Plaintiff's Sur Reply Brief filed on February 28, 2007:

1. The Plaintiff filed a sur reply brief on February 28, 2007.

2. Attached as Exhibit A is Plaintiff's counsel's August 10, 2006 letter to Judge Jordan requesting permission to file a sur reply brief in which Plaintiff's counsel justifies the need to file a sur reply brief by stating that Defendants' opening brief "dealt only superficially with the underlying facts which the defendant based its decision to terminate the plaintiff."

3. Attached as Exhibit B is Defendants' counsel's August 16, 2006 letter to Judge Jordan explaining that the Plaintiff does not allege a substantive due process claim. Thus, the opening brief in support of Defendants' motion for summary judgment did not address the Plaintiff's termination in detail because a substantive due process claim is not alleged.

4. Plaintiff's counsel represented that the sur reply brief would be limited to responding to statements in the reply brief concerning the factual basis for the termination of the Plaintiff ". . . as well as any legal arguments raised for the first time in the defendants' reply brief." (See Exhibit A).

5. Rather than adhering to this limitation, the sur reply brief rehashes at great length all of the Plaintiff's arguments relating to the factual basis for the Plaintiff's termination. The only legal arguments raised for the first time in Defendants' reply brief were not addressed in the Plaintiff's sur reply brief (i.e. a plaintiff who does not allege substantive due process violations in her complaint may not raise them for the time in an answering brief; and even if the plaintiff alleged substantial due process violations, she cannot meet her burden of showing the decision stocks the conscience.) Moreover, rather than adhering to the constraint of addressing "any legal arguments raised for the first time in the defendants' reply brief", the Plaintiff addresses several legal arguments set forth in the Defendants' opening brief. For example, whether the Plaintiff's speech was protected under the First Amendment, as well as the application of *Garcetti v. Ceballos*, __ U.S. __, 126 Supr. Ct. 1951, 164 L.Ed.2d 689 (2006).

6. The 34 page sur-reply brief is longer than Local Rule 7.1.3(4) permits for a reply brief. There was no request for permission to exceed this page limitation.

7. Moreover, the sur reply brief is longer than the Defendants' opening brief (28 pages) and longer than the Defendants' reply brief (30 pages). The only brief filed in connection with this motion which was longer than the sur reply is the Defendants' 50 page answering brief. Thus, the non-moving party submitted 84 pages of briefing, while the moving party submitted 58 pages of briefing. Here, the non-moving party reversed the briefing edge the

Local Rules provide to the moving party (60 pages for the moving party and 40 pages for the non-moving party).

For the foregoing reasons, we respectfully request that the Court strike the sur reply brief. In the alternative, Defendants respectfully request that the Court strike the sur reply brief and direct the Plaintiff to file a sur reply brief which complies with the limitations described in Plaintiff's counsel's August 10, 2006 letter to Judge Jordan, and grant Defendants' request for oral argument in order to afford the Defendants an opportunity to overcome the advantage otherwise afforded to Plaintiff for the reasons set forth in this motion.

MORRIS JAMES LLP

*/s/ David H. Williams*
David H. Williams (#616)
James H. McMackin, III (#4284)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19899
dwilliams@morrisjames.com
jmcmackin@morrisjames.com
(302) 888-6900/5849
Attorneys for Defendants

Dated: March 5, 2007

1536596/1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARGUERITE A. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-157-MPT |
| | ) | |
| ORLANDO J. GEORGE, JR., in both his official and personal capacities, and DELAWARE TECHNICAL AND COMMUNITY COLLEGE, | ) ) ) ) ) | Trial By Jury Demanded |
| | ) | |
| Defendants. | ) | |

## ORDER

IT IS HEREBY ORDERED this _____ day of _____, 2007, that Defendants' Motion to Strike Plaintiff's Sur Reply Brief is hereby GRANTED.

_____
J.

1536776/1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARGUERITE A. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-157-MPT |
| | ) |
| ORLANDO J. GEORGE, JR., in both his official and personal capacities, and DELAWARE TECHNICAL AND COMMUNITY COLLEGE, | ) Trial By Jury Demanded ) ) ) ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF ELECTRONIC FILING**

I, David H. Williams, hereby certify that on March 5, 2007, I electronically filed the attached **DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUR REPLY BRIEF** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
Wilmington, DE  19899

MORRIS JAMES LLP

/s/ David H. Williams
David H. Williams (#616)
James H. McMackin, III (#4284)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900/5849
dwilliams@morrisjames.com
jmcmackin@morrisjames.com
Attorneys for Defendants

Dated:  March 5, 2007